J.
The first error is the refusal of the court to strike out the demurrers of the defendant, on the motion of the plaintiff. It is not tin* practice to strike out a demurrer on motion, unless it is filed out of the order of pleading. If the plaintiff had not amended his petition, after the defendant had answered, tiie defendant would not have keen permitted to demur : because it was out of the order of pleading, to demur after answer. Rut when the plaintiff’s amended petition came in, the defendant had a right to demur or to answer. He chose the latter; and, in so doing, he violated no rule of pleading; and the motion to strike it out was very properly overruled. A demurrer to a mere matter of form is not favored by courts, and more strictness is required with such in conforming to the order of pleading; hut, a demurrrer to the cause of action is favored because it puts the whole case upon the law without any controversy about the facts : and hence, it is not unusual to pleas that would have put the plaintiff the proof ot the allegations in his petition to be withdrawn with leave to file a general demurrer. In this case, however, under the most stringent rules as to the order of pleading, the defendant, after the plaintiff’s amendment, had the right to demur.
The second error assigned is, that the court below erred in sustaining the demurrer of the defendant to the petition of the plaintiff, and in rendering judgment final against the plaintiff.
The demurrer was to the original and amended petition; and we must, therefore, look to them both, aucl see if the demurrer ought to have been sustained. The original petition was founded upon a verbal request to pay the open account of Mr. Power against the defendant, and a promise to refund the money, and that the money had been paid on such request on the 24th December, 18-11. The suit was brought 27th October, 1847. More than three years had expired from the alleged request and payment. The petition, therefore, showed that the right of action was barred before the commencement of the suit; and, according to the ruling of tiffs court, in Coles v. Kelsey, (2 Tex. R., 511; 3 Tex. R., 93; 4 Tex. R., 422.) the defendant could avail himself of this defense on demurrer. It is true that he had pleaded to the petition the ■statute of two years; but, as we have stated, the filing the amended petition opened the xficadiugs, and the defendant then had the right to demur to the first and the amended petition.
To the amended petition, two grounds of demurrer are believed to be worthy of consideration. The first, that it set up a new and distinct ground of action; and secondly, if the amendment could bo made, that it showed no cause of action.
To begin with the first, Was it competent for the plaintiff to introduce, by way of amendment, a new and distinct cause of action from the one first made the grounds of his action? Asa general proposition this has been decided in the negative; (See Carter v. Runnels, and — v.-;) but, this ruling is believed to have been subjected to some exceptions, by the case of Allen & Henderson v. Kissam, decided at the last term of this court, at this place. In that case it was ruled, that such amendments could be made under particular circumstances, and under proper limitations. These were that it should not prejudice the other party, and, that all the costs should be jiaid up to the time of making such amendment; and that the amendment should not relate back to the time of the commencement of the suit, but most be confined to the time of filing the amendment, as if the suit had been then commenced. (See the case and the authorities cited.) And, in addition to the authorities cited in that case, that, as to the time when the amendment and *40 the matters set up in it are to take effect, is sustained by the case of Holmes and others v. Trout and Morland’s heirs, (1 McLanc, 0,10,11.) Judge McLean says:
tlie amended bill, it appears that Brackenridge was entitled to a “moiety of the entire claim, as a compensation for certain services to he rendered by him ; that he died before these services were completed, and that “ the complainants tiled their bill against iiis heirs and obtained a decree to cer“tain parts of the land, which were afterwards convoyed to them byr the heirs “of Brackenridge. A question is here made by the defendant’s counsel whether “tlie title set up by the complainants in their amended bill is not, in fact, tlie '“commencement of a new suit, and consequently gives the defendant a right “to insist on the statute of limitations in bar of complainants’ right of recovery. “If this should be the effect of asserting the title jn the amended bill it is agreed “between the parties that tlie advantage maybe taken.’’ After discussing, tlie character of the title under which the complainants claimed the land, the judge proceeds: “To the decree, therefore, must the complainants look for “the origin of their title. This decree was obtained in November, 1822, and “for tlie first time a claim is set up under it in the amended bill. This must “ho considered as the assertion of a title distinct from that which is set out in the original bill, and, as regards the statute of limitations, must be re-as tlie commencement of a new suit. It follows, therefore, that the “title to the land conveyed to the complainants under the decree against the “heirs of Brackenridge, in so far as it covers the laud which lias been occupied “by the defendants, and those under whom they claim adversely to tlie complainants for twenty years before the filing the amended bill, in law and “equity is vested in the defendants.”
This opinion of Judge McLean was subsequently affirmed by the Supreme Court of the United States.
Tlie amendment in the canse under consideration set up a new and distinct cause of action. It was for a different amount, and it was founded on the written order or request of the defendant. It presented a claim of a higher character and carrying different attributes from the cause oí action iii the original petition. It would perhaps carry interest, and it was certainly protected by longer time before it would he barred by the statute of limitations. The first was a mere verbal request that carried no interest, and would be barred by two years’ limitation. The second coulduotbe barred under four. The-first required proof of the verbal undertaking. Tlie second was proof of itself, and its execution could only have been denied upon the oath of the defendant. Upon such circumstances, had the court sustained the demurrer on the ground that the amendment was inadmissible, I could not say that it had erred'in so doing.
But suppose that this was not a sufficient ground for the decision of the court oil the demurrer, yet, according to tlie principles of the case on which wo have commented, the amendment could not relate back to tlie commencement of the suit and interrupt tlie running of the statute of limitations at that time; but the statute would not be interrupted until the filing of the amendment, and that amendment showed upon its face that it was barred by the four years’ limitation before it was filed. It was therefore subject, on that to the defendant’s demurrer, under tlie rulings of this court that the statute advantage by record showed that the cause of action was barred. We conclude, therefore, that the court below did not err in sustaining tlie defendant’s demurrer, nor did it err in rendering a filial j udgment thereon. Whether tiie plaintiff could have evaded tlie effect of the demurrer by amending is not before us, because he did not ask to amend, and he could not escape the demurrer in any other way.
Judgment affirmed.
Note 13. — Kenney v. Leo, Post, 155; Walling v. Williams, 4 T., 427; Turner v. Brown, 7 T., 489; Greenwood u. Anderson, 8 T., ‘2*25; Prigdon v. Strickland, 8 T., 427; Bell v. McDonald, 9 T., 379;, Morrison v. Walker, 22 T., 18; The Governor v. Burnett, 27 1\, 32; Brsluno v. Wilson, 27 T., 117;. Usher v. Skidmore, 28 T., (¡1(5.
Note 14. — Erskine v. Wilson, 20 T., 77.