# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1863.

### MICHAEL ERSKINE v. THOMAS W. WILSON.

Where there is nothing in the record to show that a demurrer was not acted upon in the court below, this court might well decline to notice the argument of the counsel in support of the proposition that the court erred in overruling the demurrer.

Where suit is instituted upon a note, and a new promise is pleaded by way of amendment, such new promise is a new cause of action, and the amendment setting up such new promise should be served on the defendant; but should the defendant appear and answer such an amendment, then it need not be served on him. The case of Morrison v. Walker, 22 Tex. Rep., 18, cited and approved.

To take the suit upon a new promise out of the operation of the statute of limitations, the plaintiff may rely upon the absence of the defendant from the State, and this rule is not changed because the defendant had answered to the suit upon the old cause of action, and was, therefore, in contemplation of law, in court from the time of his original answer.

The evidence in this case was discussed and held not sufficient to constitute such a new promise as would sustain a new suit.

APPEAL from Guadalupe. Tried below before the Hon. A. W. Terrell.

This case was formerly reversed and remanded by this court, see Erskine v. Wilson, 20 Tex. Rep., 77, to which reference is made for a statement of the case and the facts adduced on the former trial. Three other trials were had, and judgments for

plaintiff. On the last trial, the same facts were introduced in evidence as on the trial in which the judgment was rendered that was reversed as above stated. The death of the payee of the note, and that the assignor was his heir and legal representative, were also in proof. The other facts are sufficiently disclosed in the opinion of the court rendered on this appeal.

*Chandler, Turner & Thornton,* for appellant.

*Ireland,* for appellee.

BELL, J.—There is nothing in the record to show that the demurrer filed on the 11th day of May, 1858, to the second amended petition of the plaintiff, was acted on by the court below, and we might properly decline to notice the argument of counsel in support of the proposition, that the court below erred in overruling the said demurrer. But as we infer from the whole record that the court below did overrule the demurrer, as the question upon the demurrer, if left undecided, would arise upon another trial, we think proper to express the opinion that the court below did not err in overruling the demurrer to the second amended petition. It is well settled that in such cases as the present, the new promise constitutes the cause of action. If the plaintiff had instituted his suit, based upon the new promise, at the same time that he filed his second amendment, it cannot be doubted that he might have relied upon the defendant's absence from the State to take the suit upon the new promise out of the operation of the statute of limitations. And we are not able to perceive that the rule should be changed because the defendant had answered to the suit upon the old cause of action, and was therefore in court, in contemplation of law, from the time of his original answer. If the defendant had not taken issue upon the amended petition setting up the new promise, it would have been the duty of the plaintiff to have caused a copy of it to be served upon him,. (Morrison v. Walker, 22 Tex., 18 ;) but in the present case the defendant appeared and took issue, and there is, therefore; no question of service in the case.

We are, however, of opinion that the verdict of the jury is not supported by the evidence, and that the court below erred in overruling the motion for a new trial upon that ground. It is clearly shown that the defendant Erskine was indebted to Wilson by virtue of certain notes other than the note sued on. The letter of Erskine, which is relied on as evidence of an acknowledgment of the debt now sued on, has unmistakable reference to the other indebtedness upon notes for three hundred and fifty dollars, which were, or had been, in the hands of Fisher for collection. The letter contains no intelligible allusion to the note which is the foundation of the present suit. Where there is a written acknowledgment of indebtedness, and no other indebtedness than that which is the foundation of the suit is shown to have existed between the parties, then the acknowledgment will be held to refer to the indebtedness alleged in the petition; but where another debt than the one sued on is shown to have existed, to which the acknowledgment plainly refers, then it ought not to be held to refer to the debt sued on, unless the debt sued on is also embraced in the terms of the acknowledgment.

We are of opinion that the letter of Erskine, which is relied on, is not sufficiently explicit to sustain the allegation of a new promise to pay the note sued on. A new promise to pay is a contract, and whether or not a contract has been made, is at last a question of law to be determined by the court. It is for the jury to find the facts, that is to ascertain what passed between the parties; but if what passed between the parties does not amount to a contract, then it is the province of the court so to declare. We are of opinion that the evidence in the present case is not sufficient to sustain the verdict. The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.