JAMES B. EMMONS, ADM'R *v.* FREDERICK H. WILLIAMS.

There is no statute of this State authorizing the real estate of a decedent to be sold under execution issued against his legal representative, and such a sale will convey no title to the purchaser. The law provides the mode of sale through the county court. (Paschal's Dig., Arts. 1314, 1315, Notes 488 to 490.)

It is not within the power of an administrator to confirm such a sale, so as to vest title in the purchaser, and entitle himself, as administrator, to the surplus proceeds of the sale remaining above the amount of the execution.

A motion for the recovery of the surplus proceeds, at a void execution sale, cannot be maintained by an administrator against the sheriff who made the sale and the sureties on his bond. (Paschal's Dig., Arts. 3777, 3781, Note 872.)

APPEAL from Denton. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

This was a motion by the appellant, as administrator of C. B. Emmons, deceased, against the appellee, as the former sheriff of Denton county, and his sureties, upon his official bond. In an amendment to his original motion the appellant states his case fully, and alleges that, on the 26th of April, 1855, an execution in favor of William Oldham against the appellant, as administrator, issued from the

District Court of Denton county for some $85; that the execution came to the hands of a deputy of the defendant, Williams, and was levied by him on some seventeen hundred and fifty acres of land belonging to the appellant's intestate; that the deputy sold the said land under the execution for the sum of $426, which, after satisfying the execution, left a balance in his hands of $341, justly belonging to appellant; that the appellant demanded payment of such balance from the defendant, Williams, but he failed and refused to pay the same. By means of all which a right of action had accrued to the appellant against the said Williams and the sureties on his official bond; and the appellant prayed judgment against them all by name for the said balance, with interest thereon at the rate of ten per cent. per month, as provided by statute.

The defendants demurred to the motion; their demurrer was sustained by the court below, and the motion dismissed.

The plaintiff appealed, but failed to assign errors.

*J. C. Easton*, for appellant.—The case of Hamilton v. Ward, 4 Tex., 360, may be considered as a leading case on the subject of suits of this character, and shows that the motion and amended motion are sufficient to sustain this action, unless it be held that Emmons, being only a defendant in the execution, and suing for the surplus in the hands of the sheriff, is not entitled to his remedy in this form of action.

This question was particularly discussed, but not definitely decided, in Beaver v. Batte, 19 Tex., 112. The court in the opinion copy the article of the statute under which we claim the right to bring this motion, and although they express a doubt "whether the statute contemplates the defendant in execution at all as a party upon whom is conferred the right to this summary and penal remedy," yet, when we construe the articles 1329 and

1333 by a strictly equitable or legal rule, we are at a loss to find a reason for this doubt.

In the case now before the court, a large tract of land was sold for the sum of $426, and the money paid to the sheriff  The law allowed him to make the levy and sale, and he did so while the execution was in full force; and if the sheriff did not receive this amount of money as "collected under an execution," we are at a loss to know by what right or by what authority he may be said to have collected it.

Less than $100 of this amount was required to pay off the executions then in his hands and under which the sale was made, leaving a large surplus in his hands.

The first article referred to recites, "that if on the sale of the property (under execution) more money is raised (collected) than is sufficient to pay the amount of the execution or executions in the hands of the sheriff or other officer, the surplus shall be immediately paid out to the defendant, his agent, or attorney."

The requirements of the law are not less imperative on him to pay over money thus collected to the defendant than to the plaintiff in the execution.  He is the official bailee of both parties.  And can it be said the sheriff and his sureties shall be held responsible to the plaintiff for a default, and not to the defendant for a like dereliction of official duty?  Such a proposition, it seems to me, cannot be successfully maintained.

No brief for the appellee furished to the *Reporter*.

DONLEY, J.—There is no assignment of errors in this case, nor is any error perceived for which the cause should be reversed.

The sale of the property of the estate of Calvin B. Emmons by the sheriff under execution, it is believed, did not convey to the purchaser any title to the land, and the

appellant, as the administrator of the deceased, cannot, by electing to receive the surplus money arising from such sale, after paying the execution under which the land was sold, confirm such a sale, so as to vest in the purchaser a title to the land, and entitle the administrator to the money arising from the sale, after satisfying the execution.

The sale of land by an officer, to vest in the purchaser the title, must be made in pursuance of and in conformity with the law. It is not believed that there is any statute of this State authorizing the real estate of a deceased party to be sold under execution issued against the legal representative of such deceased party. The manner of collecting debts, due from the estates of deceased persons, has been provided by law. (Hartley's Dig., Art. 1163, 1164;) [Paschal's Dig., Arts. 1314, 1315, Notes 488 to 490.] From the law cited, it is clear that a creditor might, in a proper case, apply to the court for an order to sell property of an estate for the purpose of paying his debt. But it is believed that the law has not in any case authorized the issuance of an execution against the estate of a deceased party, and a sale of the property of the estate under such execution will not pass the title.

It was held in Conkrite v. Hart, 10 Tex., 140, that a sale made under execution issued in the lifetime of the defendant in execution, the levy and sale being after his death, was void. And it appears that the same rule must apply to an execution issued against the administrator of a deceased party; and that a sale of the decedent's property under such an execution must be held void, and that the title of the estate to property cannot, by this means, be divested. Such executions and sales have no warrant in law to sustain them.

If the title of the estate of Calvin B. Emmons to the land advertised and sold by the sheriff has not been divested, his representative can have no legal right to any money paid to the sheriff on such void sale. As to the

---

Statement of the case.

---

administrator and the estate, the matter remains precisely as if no sale had been made.

No error is perceived, and the judgment is

AFFIRMED.