E. IRVINE AND OTHERS v. CORPORATION OF BASTROP.

1—An amendment may set up a new cause of action, or a title acquired after suit brought: provided, such amendment does no prejudice to the rights of the other party, and that all costs to the time of amending be paid, and that the amendment be not allowed to relate back to the commencement of the suit.

2—The necessity for these restraints upon the right to set up such new title or cause of action by way of amendment is apparent; and this court will not suffer them to be disregarded.

3—Bringing suits into court by installments, and serving every necessity by some new title or new cause of action, should not be tolerated in a correct system of practice.

APPEAL from Fayette. Tried below before the Hon. George W. Smith.

This record presents a very voluminous history of a well-contested controversy between the parties litigant, over the right to establish and maintain ferries across the Colorado river, within the limits of the town of Bastrop. The corporation of Bastrop, together with one McDonald, instituted the suit to the Fall term (1858) of the District Court of Bastrop county, from which it was subsequently removed, by change of venue, and on motion of the defendants, to the county of Fayette.

The pleadings on both sides became very complicated, presenting, or attempting to present, many other questions besides those adverted to in the opinion of this court. The plaintiffs' ferry crossed the river at the foot of Farm street, and the defendants' at the foot of Pine street, two blocks further down the river. The plaintiffs obtained a preliminary injunction against the defendants continuing to run their ferry, and also prayed for damages.

The defendants claimed the right to run their ferry under license from the County Court, and sought, but did not obtain, injunctions against the plaintiffs, to deter them from disturb-

ing the defendants in the exercise of their alleged rights. The defendants also asked damages against the plaintiffs. The pleadings on both sides raised questions of ownership of the ferry landings, but a detailed account of these and the many other features of the case is not necessary to the elucidation of the opinion of the court.

In the court below, the jury returned a verdict in favor of the plaintiffs, with one cent damages against the defendants; whereupon judgment was rendered perpetuating the preliminary injunction against the defendants, and that each party pay their own costs.

A new trial being refused, the defendants appealed.

*Webb & Jarmon,* for the appellants, filed an elaborate and able brief.

*Jones & Petty,* and *C. C. McGinnis,* for the appellees.

WALKER, J.—The plaintiffs in error insist upon two grounds for reversal:

1. The court overruled the demurrer to the amended petition, setting up a new cause of action.

2. Overruling the motion to dissolve the injunction.

In Williams v. Randon, 10 Tex., 74, the court say: "An amendment may set up a new cause of action, provided that it does not prejudice the other party; but that all the costs be paid up to the time of making such amendment, and that the amendment shall not relate back to the time of the commencement of the suit. It seems that title acquired after suit brought, may be relied on, subject to the above restrictions."

The correctness of this rule, and the necessity for it, are apparent; and this court, deeming it matter of great practical importance that the rule should be enforced, even with strictness, will not suffer it to be disregarded, as it evidently was in this case. Bringing suits into court by installments, and serving every necessity by some new title or cause of action, is a practice only to be tolerated in the absence of all correct system.

The dissolution of the injunction was a matter more in the discretion of the court.

But had the answer traversed all the material facts alleged, as matter within the knowledge of the defendants, the court should then have dissolved the injunction, leaving the cause to stand for trial on petition and answer. (Fulgham v. Chevallier, 10 Tex., 518.)

But on the grounds taken in the first exception, the judgment is reversed and cause remanded.

Reversed and remanded.