CHARLES KOSCHWITZ, ADM'R. V. M. A. HEALY.

In 1868, D. presented to K., as administrator, an account for allowance
against an estate the latter represented. The account was not allowed
by K., and D. instituted suit thereon one day before the same was barred
by limitation. Two years thereafter, and while the suit was pending,
H. purchased the account from D., and then filed a plea of intervention,
setting up his purchase of the account, and alleged that the costs of the
suit had all been paid up till that date, and asked to have the name of
the original plaintiff stricken out, and that he be allowed to prosecute
the suit in his own name. The court below allowed the intervention,
and D. was stricken out as plaintiff and H. substituted in his stead, and
the suit allowed to proceed. *Held*, to be error. By the intervention and
its allowance by the court, the action was so changed as to constitute a
new suit; and the action should have been regarded as pending only
from the time of intervention, and was therefore barred. It seems,
however, that H. might have prosecuted the original suit of D., on
terms.

APPEAL from Washington. Tried below before the Hon. I.
B. McFarland.

There is no occasion for a statement of the facts.

*Sayles & Bassetts*, for appellant.

*J. D. & D. C. Giddings*, and *Walton & Green*, for appellee.

OGDEN, J. There are several errors in the record of this
case, which would require a reversal of the judgment; but one
of which we deem it necessary to notice in this opinion, as, in
the view we take of the law governing this case, that one
error will dispose of all others.

In 1868 Thomas Dwyer presented an account to the appel-
lant, as administrator, for an allowance. The account pur-
ported to have been a running account from 1860 to 1863,
inclusive. The administrator rejected the account, and on the
day before the statute would have barred the suit, on the 15th
of June, 1868, this suit was instituted in the District Court.

Over two years thereafter M. A. Healy filed a petition of intervention, claiming to be the owner of the account sued on, by virtue of an assignment made by Dwyer on the 24th day of October, 1870. In his petition Healy claims to be the owner of the account, by purchase for a valuable consideration, and alleges that all the costs have been paid, up to the filing of this petition, and he prays that the name of the original plaintiff, Thomas Dwyer, be stricken from the docket, and that he may be permitted to prosecute the suit in his own name. The prayer of the intervenor was granted, and the name of Thomas Dwyer was stricken from the docket; and, on the trial, he was introduced as the principal witness to prove up the account, and testified that he had no interest in the suit.

By the prayer of intervention, and the order of the court granting the same, the action was so changed as to constitute a new suit, as much so as if Dwyer had dismissed his original suit, and Healy, as his assignee, had brought a new one on the account. The assignee had his choice to prosecute the original suit on terms, or to bring a new one, provided that no defense, valid in law, had accrued to the defendant. But when he chose to continue the suit by intervention to make new parties, he will up to that time be subjected to allow all the rights of the defendant or others, which may have intervened since the original filing of the suit; and the suit will so far be considered as pending only from the time of the intervention. (Story's Equity Pleadings, Section 904.)

Article 1311, Paschal's Digest, provides that when a claim, properly authenticated, has been presented to the administrator, and rejected by him, the holder thereof may bring suit thereon, before any court having jurisdiction of the same, within three months, and not thereafter. The intervention of Healy must be considered as the bringing of the suit by him, and this was over two years and a half after the claim was rejected by the administrator. This is in direct violation of the statute and the oft-repeated decisions of this court. (Henderson *v.* Kissam, 8 Texas, 46; Whitehead *v.* Herron, 15 Texas, 127; Williams *v.* Randon,

10 Texas, 74 ; Crosby *v.* McWillie *et al.*, 11 Texas, 94 ; Irvine *v.* Bastrop, 32 Texas, 485 ; Clark *v.* Koehler, 32 Texas, 683.

The court therefore erred in overruling defendant's exceptions to the amended petition of Healy, and also in overruling the motion for a new trial. For the errors here specified the judgment of the District Court is reversed, and the cause dismissed.

Reversed and dismissed.