### P. B. LITTLEFIELD v. A. J. FRY.

1. Suit was instituted by petition defective for want of the allegation of residence of defendant; after service of citation defendant died; the suit was revived against the administrator, and by amendment residence was alleged. *Held*, that the amendment would not relate to the date of the filing of the petition, and the cause of action being a moneyed demand, the action abated by the death of the defendant.

2. An amendment supplying a substantial averment does not relate to the date of the original pleading.

APPEAL from Guadalupe.    Tried below before the Hon J. J. Thornton.

This suit was instituted by A. J. Fry in the District Court of Guadalupe county, against P. B. Littlefield. The defendant died, and his executrix was made a party defendant.    The suit was upon an order drawn by E. D. Terrell upon P. B. Littlefield, and by him accepted.    No answer was filed by Littlefield prior to his death, but his executrix filed a demurrer and exceptions, which were by the court sustained.    The plaintiff then amended his petition, alleging the residence of Littlefield.    To the amendment defendant excepted, because it could not be allowed to cure substantial defects in the petition after the death of the original defendant.

A jury was waived, judgment for plaintiff for his debt and for sale of land upon which the vendor's lien was claimed.

The additional facts sufficiently appear in the opinion of the court.

*Miller & Sayers*, for appellant.

*John Ireland*, for appellee.

WALKER, J.—This suit was brought by Fry against Littlefield, upon an order for $110, drawn by one Terrell on Littlefield, and accepted by him as payment in part for some land Terrell had sold him. Littlefield died, and his executrix was made defendant, and she filed a general demurrer and exceptions to the petition, which were sustained by the court. The plaintiff then amended his petition, and defendant below again excepted, because the amendment could not be allowed to cure substantial defects in the petition after the death of the original defendant.

A jury was waived, judgment rendered for plaintiffs. The errors are as follows:

"1. The court erred in permitting the plaintiff below to amend his petition so as to cure a substantial defect, to-wit, to allege that defendant was a resident of Guadalupe county after the death of defendant.

"2. The court erred in overruling defendant's exceptions to the petition and amended petition, for the reasons stated in the exceptions filed.

"3. The judgment of the court was erroneous, because no judgment could be based upon the allegations in plaintiff's pleas, and because defendant showed that the consideration of the acceptance had failed.

"4. Because said judgment does not order the debt to be paid in due course of administration, but orders the sheriff to sell the land."

The judgment in this case is erroneous, in that it ordered the sale of the land. If the judgment had been properly rendered, it should have been ordered to be paid by the administratrix in due course of administration.

But this is not the only error in the case. The court sustained the demurrer and exceptions to the original petition, in that it did not show jurisdiction in the court over the defendant. . The defendant died before the amended petition was filed, and this amendment could not relate back to the time of the commencement of the suit. (See Williams v. Randon, 10 Texas, ·74.)

The judgment of the District Court must be reversed and the cause remanded.

REVERSED AND REMANDED.

A rehearing was granted.

*Miller & Sayers*, for appellant, after rehearing.—It is apparent upon the face of the record that neither the name nor residence of the defendant is set out in the original petition, as required by statute. (Paschal's Digest, Art. 1427.) Nor does it contain "a full and clear statement of the cause of action," as required by Article 1427. It appears from the petition that the suit is founded upon an accepted draft, due more than a year after its acceptance, and it is not alleged that any demand for paymnet was ever made, as required by law, so as to show a cause of action against the acceptor, nor does it allege when the draft was due. (Brackett v. Devine, 25 Sup. Texas R., 194; Whitaker v. Record, 25 Sup. Texas R., 382; Holman v. Criswell, 13 Texas, 42.)

It is also apparent upon the face of the record that there is no consideration alleged by Fry for the making and delivery to him of the paper sued by E. D. Terrell, which is a fatal error. (1 Chitty's Pleadings, 321 ; Gray v. Osborne, 24 Texas, 157 ; 4 Texas, 452 ; 4 Texas, 461.)

And it is also apparent upon the face of the record that plaintiff does not allege that he is the owner of the draft, which is also fatal. (Moody v. Benge & Jewell, 28 Texas,

.545 ; Thigpen v. Mundine, 24 Texas, 282 ; Rutherford. v. Smith, 28 Texas, 322 ; Martin v. Manning, 2 Texas, 351.).

It is apparent upon the face of the record that plaintiff .after the death of defendant, and when his administrator had been made a party defendant, attempted to cure a vital defect in the petition by an amendment, when this court has repeatedly held that such amendments will not be permitted. (Williams v. Randon, 10 Texas, 74 ; Henderson v. Kissam, 8 Texas, 46.)

And we think it equally apparent upon the record that the petition was bad after it was amended, and that the District Court erred both in permitting the amendment and in overruling the exceptions to the petition after it was made.

And we think it is apparent upon the face of the record that the judgment was erroneous in decreeing the land of the estate for the payment of a debt to be sold by the sheriff as under execution. (Probate Law of 1870, Arts. 5701, 5702, 5705, 5706, 5707, 5712 and 5713; Hamilton v. Pleasants, 31 Texas, 640 ; James v. Corker, 40 Texas, ·630 ; 10 Texas, 140 ; 28 Texas, 779 ; 22 Texas, 14 ; 20 Texas, 405 ; 16 Texas, 472 ; 22 Texas, 542.)

McADOO, J., *on rehearing.*—We have carefully reconsidered this cause, and regret that we are unable to arrive at a conclusion different from that arrived at in the original opinion of this court.

The original petition was wanting in averments necessary to give the court jurisdiction. It necessarily fell before the demurrer. As the court had no jurisdiction of the cause in its original form, and the defendant died before the petition was amended, the amendment can only be regarded as the commencement of the suit as to the administratrix. The cause really stands as a suit against the administratrix on a claim against the estate not

proven up and presented to her in accordance with the probate law.   It cannot, therefore, be maintained.

The court may certainly permit an amendment on payment of all costs, where the original petition sets out no cause of action, or where it fails to show jurisdiction, but such amendment is in the nature of a new suit, and in no case will such amendment be allowed to relate back to the time of the filing of the original suit.   It must relate only to the time of the filing of the amendment. (Henderson v. Kissam, 8 Texas, 46 ; Williams v. Randon, 10 Texas, 74.)

The former judgment of this court must be adhered to.