NANNIE K. PIERCE ET AL. v. JAMES O. LOGAN ET AL.

SUPREME COURT, AUSTIN TERM, 1882.

*Execution—Levy before and sale after death of debtor.*—No sale of property under execution, after the death of the debtor, ought or could defeat the right of administrator or executor to the possession and control of such property. As to them, such a sale must be considered of no effect.

*Same—Heir or legatee.*—As to the heir or legatee, he takes the property subject to the debts, and it is only that part of the estate remaining after administration, to which he is entitled, and as to him such is not the effect of a sale made under an execution after the death of a party. His remedy is, within a reasonable time, by a direct proceeding, instituted for that purpose, to have the sale set aside and to have the property applied to the payment of the debts of the estate accord ng to law.

*Same—Laches.*—Where such a sale was made in 1845, in 1874 a direct proceeding to vacate it must be considered as coming too late.

Appeal from the District Court of Lamar county.—Appellees instituted this suit against appellants October 21, 1874. The petition is in the ordinary form of trespass to try title, and seeks to recover 519 acres of land situated in Lamar county. The plaintiffs sued as the children and heirs of Charles Logan, deceased, who, it is alleged, was the brother and sole heir of Bennett T. Logan, deceased. That the latter died in 1844, seized and possessed of the land in controversy; no administration was had upon his estate, and that Charles Logan inherited the same, and died siezed and possessed of the land in controversy, in 1846; that the plaintiffs, as the only heirs of Charles Logan, inherited his entire estate, and especially the said land, of which they were lawfully seized, and had the possession until January 1, 1868, at which time the appellants entered upon the said land, and ejected appellees therefrom and have and still hold possession thereof; praying for judgment for the land, etc.

Appellants answered March 5, 1875, by general demurrer, not guilty, and general denial. In an amended answer, filed October 6, 1877, appellants set up the three, five and ten years limitation, suggested improvements in good faith; and by amendment, filed October, 15, 1878, appellants claimed title to the land, as follows:

by and through a judgment in favor of Snowden against Bennett T. Dogan, rendered in the District Court of Lamar county, at the September term, 1845, and an execution, levy and sale thereunder, the same year, and a purchase of the land at the said sale by one W. W. Williams, and a deed to him by the sheriff to him, and by mesne conveyance to appellants.

The case was tried by the court without a jury, May 18, 1878, and judgment was rendered in favor of the appellees, and against appellants, for the land and costs of suit, from which this appeal was taken. The view of the case entertained by us obviates the necessity of an examination of the various errors assigned in detail.

E. L. Dahoney for appellants.    B. F. Fuller for appellees.

Opinion by Watts, J.—Bennett T. Logan was living at the date of the rendition of the judgment and issuance of the execution, but was dead when the sheriff's sale was made at which Williams purchased the land in controversy. The authorities are meagre, conflicting and doubtful as to the effect of such a sale.

In the case of Conkrite v. Hart & Co., 10 Texas, 140, the court, in effect, held that a sale made under an execution issued in the lifetime of the debtor, but levied after his death, was void. That case is so reported that it cannot be determined with any certainty the scope and meaning of the court in the use of the obscure word "void." This case was questioned in the case of Webb v. Mallard, 27 Texas, 83; and in Emmons v. Williams, 28 Texas, 779, after citing Conkrite v. Hart, the court, in effect, holds that, as to the administrator of the estate, such a sale is without effect, and that the matter remains as if no such sale had been made. In Taylor v. Snow, 47 Texas, 467, after commenting upon the case of Conkrite v. Hart, the court says:  "We shall act more in consonance with right and justice, and more in conformity to the spirit of subsequent decisions, in holding that, while the sale of property under execution after the death of the defendant is relatively void, and that the title acquired by the purchaser at such a sale cannot be maintained against the administrator, or parties acquiring their title under and through the administrator, and that such sale may be avoided by any party having an interest in the property, if he should seek to do so in the proper time and manner, this cannot be done, where there has not been, and cannot be, any administration upon the estate, in a collateral proceeding," etc.

And this is about the condition of our decisions upon the question under consideration at this time.

By the terms of the various acts concerning the estates of deceased persons, commencing with that of 1840, the estate, upon the death of the party, passes to and vests in the heir or legatee, subject to the payment of the debts; while the administrator or executor, when administration is opened, is entitled to the possession of the property of the estate for the purposes of administration and payment of debts. When administration is opened, the law prescribes the order as well as the manner in which the debts against the estate are to be paid; hence, no sale made of the property under execution, after the death of the party, ought or could defeat the right of the administrator or executor to the possession and control of such property. As to them the sale must be considered as of no effect. No suit upon their part is necessary to set aside the sale, for it may be attacked in any way and at any time, whenever any right is asserted under it, against them to any property of the estate. The same is also true as to parties who have acquired title to property of the estate through the administration.

Therefore, as to the administrator or executor, and those acquiring title to the property through the administration, such a sale may, in a certain sense, be correctly denominated void; that is, as to them, it has within it that inherent vice which attaches generally to acts absolutely void; such inherent defects as render it liable to, and subjects it to attack in any collateral proceeding, whenever any right is asserted against them under the sale.

As to the heir or legatee, he takes the property subject to the debts, and it is only that part of the estate remaining after administration to which he is entitled. As to him, such is not the effect of a sale made under an execution after the death of the party. The property, in the absence of an administration, has been applied under the execution sale to the debts of the estate; while such application is made under the forms, it is not done in the manner prescribed law. To the heir or legatee who is interested in the property, and entitled to have it applied to the payment of the debts of the estate in the manner prescribed by law, such a sale is irregular and voidable. They could, by a direct proceeding for that purpose, instituted within a reasonable time, have the sale set aside and declared of no effect; but in doing this the purchaser would be entitled to subrogation to the rights and liens of the original judgment to the extent that his money had been applied to the same, and if he is in possession of the land, he would be entitled to retain it un-

til the money is repaid. (McDonough v. Cross, 40 Texas, 285;
Burns v. Ledbetter, 54 Texas, 375; Jones v. Wilson, decided at the
last Tyler term.)

This is not a direct proceeding upon the part of the plaintiffs to
have the sheriff's sale vacated and set aside, and to arrive at the
conclusion reached below, the court must have held the sale abso-
lutely void. This was erroneous, for, as to the plaintiff, the sale
was not affected by any such inherent defect as would subject it to
collateral attack by them. Their remedy was by a direct proceed-
ing to set aside and vacate the sale, instituted at the proper time.
The sale was made in 1845, and the suit was commenced in 1874;
had it been a direct proceeding for the purpose of vacating the
sale, certainly it would be considered as coming too late.

Our conclusion is that the judgment ought to be reversed and the
cause dismissed, and we so award.

Opinion on motion of rehearing.—Every proposition now urged
in support of the motion for rehearing was considered by us in the
decision of the case. We then and still regard the case of Conkrite
v. Hart as overruled by that of Taylor v. Snow.

At common law, a sale made after the death of the defendant in
the judgment was only voidable, and not void. This, so far as we
are informed, is the rule in all the other States, and the only reason
why such a sale is considered void as to the executor or administrator
in this State is on account of the provisions of the probate law, which
prescribes how, by whom and in what order the debts of the de-
cedent shall be paid. Our probate laws only apply when the ad-
ministration has been opened upon the estate. Where no adminis-
tration is or can be opened upon the estate, the right of the heirs,
as well as the creditors, must be determined by the general princi-
ples of law.

With or without administration, the heir takes the inheritance
burdened with the debts of the ancestor. If there is an adminis-
tration, the probate laws prescribe the creditor's remedy; but in
the absence of an administration, he is remitted to the general prin-
ples of law applicable to such cases.

In this case, the record not only shows that there has been no ad-
ministration, but that, from the lapse of time, none could now be
had. Therefore the provisions of the probate laws could have no
application to this case.

As remarked in the former opinion, the property was applied to

the payment of the ancestor's debts, under the forms law, but not in the manner prescribed. As to the heir, who was only entitled to the property after the payment of the debts with which it was burdened, such an application was irregular and voidable, and could be vacated and set aside by a direct proceeding instituted by him within a reasonable time. But if an administration had been opened upon the estate subsequent to the sale, that would have put into operation the probate law, and it would relate back to the death of Logan, and would take hold of his estate in the very condition in which he left it; and hence the sale which, as to the heir, was only irregular and voidable, would, as against the administrator, be of no effect.

The fact that the purchaser at the sheriff's sale knew at the time that the defendant in the judgment was dead would not affect the question, nor is it essential how or in what manner the fact of death is declared to him. The sale would be irregular and voidable, but not void, whether he did or did not have knowledge of the defendant's death at the time of the sale.

We award that the motion for rehearing be refused.

Report of Commissioners of Appeal examined, their opinion adopted, judgment reversed and cause dismissed.—GOULD, C. J.