**WUNSCH v. BURLINGTON STATE BANK et al.   (No. 6494.)***

(Court of Civil Appeals of Texas. Austin. Nov. 22, 1922. Rehearing Denied Jan. 6, 1923.)

**1. Limitation of actions ⬤118(2) — Statute not tolled by filing petition in time, where citation is not promptly issued.**

Where citation is not promptly issued or some reasonable excuse given therefor, the statute is not tolled by filing the petition in time.

**2. Limitation of actions ⬤27—Action on verbal promise to repay money advanced to pay off note due estate barred in two years.**

An action on a verbal promise to repay money advanced to another to pay off a note due by him to an estate of which both are residuary legatees is barred in two years.

**3. Limitation of actions ⬤127(13) — Action on note alleged in amended petition held barred.**

Where the original petition, filed January 1, 1921, in an action to recover on an oral promise money advanced to pay off a note due by another to an estate of which both were residuary legatees, alleged that the money was advanced with the understanding that plaintiff was to be subrogated to the rights of the estate in the note, an amended petition filed May 26, 1921, alleging the execution of a note by defendant on January 1, 1913, due four years after date, set up a new cause of action, which was barred by the four-year statute prior to the filing of the amendment.

**4. Subrogation ⬤16—Lien for money advanced to colegatee to pay note due estate not enforced against purchaser of his interest at execution sale without notice of indebtedness.**

Where a bank purchasing, at execution sale, a residuary legatee's interest in land held by him and a colegatee as trustees for the life tenant, had no notice of any debt owing by him to the estate, except as shown by the will, which fixed a lien against his interest for the payment of a note, which was overdue about two months when the will was probated, and against which he was entitled to offset his share of a net balance due the estate from the legatees, and the inventory showed that land devised to him was worth much more than the amount of his net indebtedness, equity will not enforce a lien in favor of such colegatee for money advanced to the note under the doctrine of subrogation to the rights of the estate, as the bank might presume that the note and net indebtedness of the maker were paid before expiration of the period of limitation, in view of the trustees' duty to proceed at once to collect the amounts due from the legatees.

On Motion for Rehearing.

**5. Appeal and error ⬤843(2)—Whether interest purchased at execution sale was contingent or vested remainder not considered on appeal by other than owner thereof.**

Whether the interest of a residuary legatee in land held by him and a colegatee in trust for the life tenant was a contingent instead of a vested remainder, as held by the lower court, will not be considered on such colegatee's appeal from a judgment vesting legal title to such interest in a purchaser thereof at execution sale, but adjudging that title and possession of the land so held in trust should not be interfered with during the lifetime of the cestui; no one being injuriously affected by such holding, except the owner of such interest, who did not appeal.

**6. Appeal and error ⬤843(1)—Merely academic issue as respects appellant should not be decided, where case is affirmed.**

Where a case is affirmed, it is good practice not to decide any issue which is merely academic in so far as appellant is concerned.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Suit by Louis Wunsch, executor, against the Burlington State Bank and another. From a judgment for defendant Bank, plaintiff appeals. Affirmed.

Walton D. Taylor, of Waco, and Chambers & Wallace, of Cameron, for appellant.

W. A. Morrison, of Cameron, for appellees.

Findings of Fact.

JENKINS, J. Mrs. Clara Wunsch, a widow, died in Falls county, Tex., October 9, 1912, possessed of a considerable estate, consisting principally of real estate in Falls county. She made a will, which was duly probated in Falls county December 10, 1912. She was the mother of eight children, seven of whom survived her; a deceased daughter having left several children. She devised to each of her children, except her daughter Katie, and to her grandchildren as a class, certain specific tracts of land. She devised to her sons, Louis and I. B. Wunsch, 260 acres of land, consisting of two tracts, to be held in trust by them during the life of her daughter Katie; the rents and revenues derived from such land to be used for the support and maintenance of her said daughter; and should there be an excess for such purpose the same should be used in improving said tract of land. Her children and grandchildren, except her daughter Katie, were made residuary legatees of her estate. Her will contained the following provision:

"After the death of my daughter, Katie Wunsch, I give, devise and bequeath said two tracts of land to my children and grandchildren in the following manner; that is to say, said land is to be divided by said trustees into seven equal parts, or the land is to be sold and the proceeds divided into seven equal parts by said trustees and one share given to Rudolph Wunsch, one share to my grandchildren, who are the children of my deceased daughter, Josephine, who married Frank P. Gleason, one to Louis Wunsch, one to I. B. Wunsch, one to Clara Ranly, wife of George Ranly, one to Annie Hoelscher, wife of H. A. Hoelscher, and one to Mary Frei, wife of Fritz Frei."

Louis and I. B. Wunsch were appointed executors of said estate, as well as trustees for Katie Wunsch. They qualified as such executors, and accepted the trust in favor of Katie Wunsch, who is still alive, and are now performing the duties imposed upon them by said trust. The will above referred to contains the following provision:

"As several of my children have from time to time been advanced sums of money as evidenced by their notes herein stated, it is my will and wish, and I so direct and require that said notes be paid to my executors in the manner herein set out in this item of my last will and testament. That the property herein especially bequeathed to them respectively as well as any other property they may take under this will shall be charged with and a lien is hereby reserved and placed on said property until said parties shall pay in full the several amounts due by them."

Following this, notes were specifically mentioned, among which was:

"One note of I. B. Wunsch for the sum of $1,225.35, advanced to him out of my separate estate, dated October 9, 1911, and due one year after date, with 7 per cent. interest from date."

The aggregate of all of the notes mentioned as being due from the legatees was $5,090.70. The inventory returned by the executors showed that there was on deposit to the credit of the estate the sum of $4,367.54, which, with the amount due by the legatees, made a total of $9,458.24. The debts due by the estate were $2,355.70, leaving the net amount due the estate from the legatees on their respective notes, and the amount in the bank, $7,102.54, of which I. B. Wunsch, under the terms of the will, was entitled to $1,014.64, leaving a balance due from him to the estate of $210.71. The specific tract of land which was willed to I. B. Wunsch was appraised in the inventory at $12,000.

The appellee Burlington State Bank filed suit against I. B. Wunsch, and as ancillary thereto sued out a writ of attachment and caused the same to be levied on April 20, 1920, upon the interest of I. B. Wunsch in and to all of the lands of which Mrs. Clara Wunsch died seized and possessed in Falls county. On October 11, 1920, the cause above referred to was tried in the district court of Milam county, and judgment was rendered in favor of said bank and against I. B. Wunsch for $3,621, with foreclosure of the attachment lien on the lands above referred to, including the 260 acres of land devised in trust for Katie Wunsch, and excluding 160 acres as the homestead of I. B. Wunsch; the same being the land specifically devised to him by his mother's will. An order of sale was issued on this judgment, and the land described therein was duly advertised and sold by the sheriff of Falls county, on January 4, 1921, and the bank became the purchaser thereof for the sum of $150, and received the

sheriff's deed therefor, which it caused to be recorded in Falls county. The bank paid to the sheriff $24.75 as costs for executing the order of sale, and to the clerk of the district court of Milam county the further sum of $32.75, in cash, cost incurred in the suit against I. B. Wunsch, and credited the remainder of its debt on its judgment against I. B. Wunsch.

On January 1, 1921, appellant, Louis Wunsch, filed suit in the district court of Falls county against the Burlington State Bank and against I. B. Wunsch, alleging as cause of action against the bank the execution and probation of the will of Mrs. Clara Wunsch, which was set out in full in his petition, the proceedings in the case of the bank against I. B. Wunsch, including the judgment, attachment, order of sale, and sheriff's deed, and the record of the same. He alleged that the sheriff's deed was void as to the 260 acres of land, for the reason that the interest of I. B. Wunsch therein, as devised by the will, was a contingent remainder, and not subject to execution and sale; that the deed executed by the sheriff and recorded in Falls county as aforesaid cast a cloud upon the plaintiff's title to said 260 acres of land; and prayed that said deed be canceled, set aside, and held for naught, and that the cloud from his title be removed.

As cause of action against I. B. Wunsch, Louis Wunsch alleged that I. B. Wunsch being unable to pay the note which he owed to the estate of Clara Wunsch, and that appellant being desirous of closing said estate, at the special instance and request of I. B. Wunsch, advanced the money with which to pay off said note, with the express understanding with I. B. Wunsch that he, Louis Wunsch, was to be subrogated to the rights of the estate as to said note, and that the money was so used and said note was so paid. Citation was issued on this petition on February 9, 1921. Thereafter, on May 26, 1921, appellant filed his first amended petition, in which he alleged the advancement of the money by him to I. B. Wunsch, under agreement of substitution, and that I. B. Wunsch, on said date, January 1, 1913, executed to him his written promissory note for $1,225.35, due four years after date. Appellant prayed for judgment against I. B. Wunsch for the amount due on said note, principal and interest, and for foreclosure of his lien on the interest of I. B. Wunsch in the 260 acres of land hereinabove referred to.

The bank, in answer to plaintiff's petition, filed a disclaimer as to all of the lands described in the sheriff's deed, except as to a one-seventh interest in the 260 acres of land, which it alleged was the property of I. B. Wunsch, and to which it acquired title by virtue of the sheriff's deed above referred to. The bank further disclaimed any interest in the life estate of Katie Wunsch to said 260

acres of land. We quote from the bank's answer in this regard as follows:

"This defendant reiterates and reaffirms its disclaimer filed herein in its original answer above referred to, and it keeps said disclaimer good, and here now again disclaims any right, title, or ·interest in or to the life estate of the erstwhile Katie Wunsch, in and to the land described in the plaintiff's said petition, and disclaims any interest therein held by the plaintiff, Louis Wunsch, or the defendant I. B. Wunsch, as trustee or next friend, or in any capacity in which they act for the use and benefit of the said Katie Wunsch, as to the life estate of said Katie Wunsch in and to said land, and this defendant here now fully recognizes the right and authority of the said I. B. Wunsch and Louis Wunsch as trustees or executors of the last will and testament of Mrs. Clara Wunsch, deceased, to have the possession and control of said tract of land for and during the term of the natural life of said Katie Wunsch, and no more."

I. B. Wunsch admitted the truth of the allegations in plaintiff's petition and denied the allegations in the ·bank's answer. The case was tried before the court on May 26, 1921. The bank specially excepted to plaintiff's petition, for the reason that it showed upon its face that the land sold under the bank's judgment against I. B. Wunsch was subject to execution, in that the legatees took a vested remainder in said land, and that plaintiff's petition showed that the defendant bank acquired, by virtue of the proceedings therein referred to, all of the legal estate and fee simple title of I. B. Wunsch in and to said land, and "that the allegations in said amended petition are unwarranted conclusions of law, and are not supported by, but are in conflict with, the terms and provisions of the will of said Clara Wunsch, deceased," and for the further reason that the petition "seeking to set up and show a lien upon the land described in the plaintiff's petition for the use and benefit of said plaintiff, * * * for the reason that it appears from said petition that if there 'ever was any lien to secure said note owed by the defendant I. B. Wunsch to his mother, the testatrix, that said lien has long since been lost, destroyed, and barred by the statute of limitation of four years," and for the further reason "that it appears from said petition that said note was dated January 1, 1913, and was due four years after date, and that thereby it fully appears that said note was barred by the statute of limitation of four years prior to the institution of this suit, and prior to the filing of said amendment, and is thereby insufficient to retain any lien beyond the maturity of said note," and further that it is not alleged in plaintiff's petition that—

"I. B. Wunsch never acknowledged said note or instrument of writing or lien as provided by law, and it is nowhere alleged or charged that same was duly recorded in the deed records or the deed of trust records of Falls county, Texas, as provided by law, and therefore it fully appears that, if any such lien ever existed, it has been lost and destroyed by the failure to acknowledge and record the same as provided by law."

The court sustained each of the special exceptions above referred to, and rendered judgment in favor of appellant, removing the cloud from the title to said 260 acres of land, except as to I. B. Wunsch's one-seventh undivided interest therein, and in favor of plaintiff against I. B. Wunsch for the amount of the note sued on with interest. The court rendered judgment in favor of the bank, establishing its legal title to the interest of I. B. Wunsch in the 260 acres of land above referred to, but especially adjudged that the title and possession, management, and control of said 260 acres of land by Louis Wunsch and I. B. Wunsch, as trustees for the benefit of Katie Wunsch, should in no wise be interfered with during the lifetime of said Katie Wunsch. From this judgment, the appellant, Louis Wunsch, has prosecuted this appeal.

## Opinion.

Appellant asserts the proposition that the interest of I. B. Wunsch in the 260 acres of land is a contingent remainder, and was not subject to execution and sale under the judgment of the bank against I. B. Wunsch. To this the bank replies that inasmuch as the judgment was in favor of appellant as to his interest in said land, both individually and as trustee, and in favor of I. B. Wunsch as such trustee, and affected only the title of I. B. Wunsch in said land, and, as I. B. Wunsch has not appealed, the issue as to whether the interest of I. B. Wunsch was a contingent or a vested remainder is academic, in so far as the same is involved in his appeal. To this proposition we agree, and therefore forego any discussion as to the nature of I. B. Wunsch's interest in the 260 acres of land.

[1] We think the court was correct in sustaining the special demurrer of defendant to the effect that any lien which Louis Wunsch may have had upon the land in controversy appears, from the allegations of his petition, to have been barred. The petition alleges that I. B. Wunsch executed his note on January 1, 1913, due four years after date, which would have made it due January 1, 1917.' It was. barred within four years thereafter, which was January 1, 1921. On that date' appellant filed his suit, seeking recovery on said note and the enforcement of his alleged lien, but citation was not issued thereon until the 9th of February following. Where citation is not promptly issued, or some reasonable excuse given therefor, the statute is not tolled by filing the petition. No excuse is given why citation was not issued at an earlier date.

[2] Besides this, plaintiff's original petition sought recovery upon a verbal promise to repay the money which he had advanced

to I. B. Wunsch to pay off the note due by him to his mother's estate. Such cause of action would be barred in two years.

[3] The amended petition, filed May 26, 1921, alleged the execution of a note by I. B. Wunsch and sought recovery thereon. The amended petition set up a new cause of action, and the note was barred by the four-year statute prior to the filing of such amendment. Williams v. Randon, 10 Tex. 79, 80; Pridgin v. Strickland, 8 Tex. 427, 58 Am. Dec. 124; Erskine v. Wilson, 27 Tex. 117; Irvine v. Corporation, 32 Tex. 485; Ayres v. Cayce, 10 Tex. 100; Lumber Co. v. Water Co., 94 Tex. 462, 463, 61 S. W. 707.

[4] We also think the court was correct in rendering judgment for the bank upon the merits of this cause, in this: Appellant sought to be subrogated to the rights of Mrs. Wunsch's estate against I. B. Wunsch. Subrogation is an invention of the courts of equity, for the purpose of preventing injustice. We think it would be unjust to maintain the lien in favor of Louis Wunsch under the doctrine of subrogation, for the following reasons: It appears from the record that the bank had no notice of any debt by I. B. Wunsch to his mother's estate, except as was shown by the will. If the bank examined the will, it ascertained that I. B. Wunsch owed the estate $1,225.35, and that a lien was fixed against his interest in the estate for the payment of this debt. It would have further ascertained that this note had been due about two months when the will was probated. It might well have presumed that the note was paid at least before the expiration of the period of limitation, which would have been on October 9, 1917. An examination of the will would have further disclosed the fact that the legatees, including I. B. Wunsch, owed the estate $5,090.70, all of which was subject to the same provision as against I. B. Wunsch, and that there was a deposit, as shown by the inventory of the estate, of $4,367.54; that the estate owed $2,355.70, leaving a net balance due by the legatees and cash in bank of $7,102.54; and of this I. B. Wunsch was entitled, under the provisions of the will, to a one-seventh, amounting to $1,014.64. This was an offset against his note, and left him indebted to the estate only $210.71. The bank might well have presumed that this amount had been paid before his note was barred by limitation, as it was the duty of the trustees to proceed at once to the collection of the several amounts due the estate by the legatees, all of which was secured by liens on the lands devised to them, respectively, and it appears from the inventory that the land devised to I. B. Wunsch was worth $12,000.

Even if the note executed by I. B. Wunsch to Louis Wunsch had not been barred by the four-year statute of limitation, we do not think that equity would enforce a lien in favor of Louis Wunsch against the estate, by reason of his having advanced money to I. B. Wunsch as alleged in his petition.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

On Motion for Rehearing.

Appellant asserts that, in our holding to the effect that he had no interest in the issue involved on this appeal, we have overruled our opinions in the cases of Lindsey v. Rose, 175 S. W. 829, and Hoffman v. Rose, 217 S. W. 424. Those cases differed from the instant case in the following particulars:

1. The right of the trustee to maintain the suit or to prosecute an appeal therefrom was not called in question in either of those cases. Lindsey v. Rose was an agreed case under the statute, the issue being:

"Whether or not any of said real estate of the said Peter McClelland, Sr., or any of the funds arising therefrom or rent or profits in the hands of said defendant, John K. Rose, trustee, is subject, either in law or in equity, to the debts of Peter McClelland, Jr."

We construed the will of Peter McClelland, Sr., as it had formerly been construed by this court, to constitute a spendthrift trust, which according to the American doctrine is:

"That it is lawful for a testator or grantor to create a trust estate for the life of the cestui que trust, with the provision that the latter shall receive and enjoy the avails at times and in amounts either fixed by the instrument or left to the discretion of the trustee, and that such avails shall not be subject to alienation by the beneficiary nor liable for his debts."

In other words, we held, in accordance with numerous decisions in reference to spendthrift trusts, that Peter McClelland, Jr., had no interest, legal or equitable, in the estate devised, and consequently he had nothing upon which execution could be levied. We further held that the legal and equitable title was vested in the trustee during the continuance of such trust; such being the case, the sale of the property under execution or order of sale would have clouded the title of the trustee. Not only this, but we held that the manifest purpose of Peter McClelland, Sr., as evidenced by his will, was that Peter McClelland, Jr., should not be able to squander any portion of the estate other than that paid over to him from time to time by the trustees. Such being the case, he evidently could not have sold his interest in the estate nor mortgaged the same, for the reason that he had no interest. But, if he should have been permitted to incur debts, and his creditors had been allowed to obtain judgments against the same, and levy execution upon the property held in trust, this would have accomplished indirectly what the will clearly forbid to be done directly.

The case of Hoffman v. Rose followed the decision in Lindsey v. Rose, and further held that a creditor of Peter McClelland, Jr., had no right to sell the property held by the trustee under execution, notwithstanding the fact that he did not propose to interfere with the administration of the estate in the hands of the trustee during the life of the trust. This was immaterial, for the reasons above stated; that is, that Peter McClelland, Jr., had nothing to sell under execution or otherwise, and that to permit his creditors to sell the property held by the trustee would, in effect, allow Peter McClelland, Jr., to squander the estate, even though the possession of the trustee was not interfered with.

[5] 2. In the cases referred to, what was attempted to be sold was the interest of Peter McClelland, Jr., the cestui que trust. In the instant case, there was no attempt to sell the interest of Katie Wunsch, the cestui que trust. In the two cases above referred to, the remainder was clearly a contingent remainder. In the instant case, the trial court held that the remainder was a vested remainder in I. B. Wunsch, upon the grounds, we presume, that the will itself named the party who would take the remainder after the death of Katie Wunsch, an event that was certain to occur, and the remainderman being made certain by the terms of the will.

[6] Inasmuch as no one was injuriously affected by this holding of the trial court, except I. B. Wunsch, and, as he did not appeal from the judgment, we decline to decide the issue as to whether the interest of I. B. Wunsch was a contingent or a vested remainder. We think it a good practice for an appellate court, where a case is affirmed, not to decide any issue which is merely academic in so far as the appellant is concerned. If I. B. Wunsch had desired this issue to be decided, he should have appealed from the judgment of the trial court. The appellant herein has no interest in that issue.

• The motion for rehearing is overruled.

Overruled.