Hemphill, Oh. J.
In relation to the first assignment it will suffice to say that as a general rule under our system of procedure, in which the principles and practice of both the common law and equity jurisdictions are blended, there would be no error in joining the survivor with the representative of a deceased joint obligor or partner. The circumstances might be such as very frequently to render such joinder quite expedient to secure either the interests of the plaintiff or of one of the defendants. If the surviving obligor, partner, •<fcc., were insolvent, the plaintiff, for his own security, should be allowed to proscenio his suit immediately against the estate of the deceased; and if the deceased were the principal obligor, and the survivor only surety, then, according to the. principles of the Louisiana or Spanish law, under which this note was made, the surety, having the legal right to have the effects of the principal •discussed before process could be enforced against him for tbe collection of the debt, might, as a general rule, by proper pleading, cause suit to be prosecuted jointly or simultaneously against the estate of the deceased principal obligor, and even under the rides of equity as known to our present system it would be convenient and admissible that judgment against the estate of the deceased principal should be simultaneous or joint with that against the surviving surety. Should the judgment be collected from the surety lie might thus at once be. subrogated to the right of the plaintiff, and the debt would •stand for his benefit as established against the succession. What exceptions might be made to the. general rule for the purpose of effecting the substantial ends of justice, and to prevent the survivor or the estate of the deceased, in case of insolvency of either, from being-lugged into a controversy where the effect could only lie. to increase the costs and charges of the party by whom • the burthen must be ultimately sustained, or to prevent the joinder from being used merely as a cloak by which the survivor, without benefit to the plaintiff or (lie estate of deceased, may be forced into litigation in a distant county, need not be hero discussed. No opinion is necessary on such points, nor will it be given until argument or full deliberation can be had.
Ou'the first, ground of error, then, and as it is presented, we sec no sufficient .reason for the reversal of the judgment.
*27 The main question in the cause arises upon the consideration of the second and some succeeding grounds, viz: that there was error in permitting the amendment of plaintiff to change the action from a charge against A. C. Allen, one of the defendants, as administrator of J. K. Allen, deceased, to a charge against him in his individual right; and the subsequent refusal to dismiss the suit.
That great liberality should be exercised in admitting amendments for the promotion of the ends of justice, ■when the rights of other parties would not be sacrificed, may be admitted to he the cherished policy of the law; and I have no doubt that under our system of procedure a petition might be so changed by amendment as to make the case a perfectly new one, on payment of the costs which would have been adjudged against the plaintiff had he dismissed his original petition and filed a new one, (1 Dan. Ch. Pr. 4GG.) provided that in the'meantime the statute of limitations had not run, or that some other defense, valid in law, had not accrued to the defendant or defendants, and which could have been set up had the original action been discontinued and a new one commenced. On the subject of amending petitions, see Dan. Ch. Prac., chap. 6, sec. 8, vol. 1st. p. 434 to 488 ; Story Eq. Pl., § 882 to § 905. In section 904 of his Equity Pleadings this view of the subject is expressed by Judge Story in the following terms : “In most of these cases the indulgence given by the court is allowed to the mistakes of the parties, and with a' view to save, expense, but when an injury .may, arise, to others the indulgence has been more rarely granted. And so far as the”tendency of a suit can affect either of the partii's to it,, or strangers, the, matter brought into the bill by amendment will not have relation'to the time of filing the original bill, but the suit will so far be considered as pending only from Lite time of the amendment.”
Now, what are the circumstances of this case ? The surviving co-maker and the representative of the other maker, who had died, are joined in one suit. The representative is expressly charged as administrator of the deceased, and the prayer of the petition is that he 'may be. cited to appear and answer as such administrator. More than four years subsequently the plaintiff strikes out of his petition all the charges against him as such administrator, and attempts to charge, him and have judgment against him in his individual capacity, and five years having elapsed from the filing of the original petition the plaintiff further amends by denying that the defendant, whom lie had originally charged as the administrator of the deceased, ever was, in fact, such administrator, or that letters of administration upon the estate of the deceased had ever beeu granted to any person whomsoever. There is no pretense here of any discovery of a fact concealed by the defendant Allen. The records of the Probate Court of the couuty in wilieh the suit was instituted are public, and whether there was administration or not, would be apparent on inspection, and the plaintiff cannot avail himself of any exception by which, under certain circumstances, on discovery of a fact from the defendant, an amendment staling such result might be permitted as to that defendant to operate from the filing of the original petition. (§904, Story, Eq. 1*1.) That this amendment, by which a charge against the defendant as administrator is stricken out and one against himself 'individually is substituted, changes the entire action and is equivalent to a new suit, cannot, it seems to me, lie doubted. (4 Burr. R., 2-117 ; Cowp., 292.) As was well said in the argument, the object of making Allen, as the representative of the deceased, a parti’, was that the property of (he estate, and not. his own. might be subjected to flic payment of the debt. The judgment sought was to be da bonis testutoris, and not da bonis propriis. Had the defendant been removed from the, office of administrator and another appointed the suit would have proceeded against the administrator da bonis non, and not against, the defendant. And had he died (lie administrator of J. K., and not of A.'C. Allen, would have been the party to the suit. The fact (hat the person now charged individually is the identical person who had hem charged •as the representative of another cannot affect the rights of the defendants or *28 operate in favor of tlie plaintiff. The two capacities are quite distinct. Had the defendant, in his capacity as administrator, been voluntarily ejected by the plaintiff from the suit and another substituted for him, and charged in his individual right, it is very clear that an amendment so radical would have, in effect, resulted in the introduction of a new action. And such is the effect of a change, whether one party be. thrust forth and another introduced, and charged in a new and distinct right, or whether the party, as representing the right of another, he dismissed and be subsequently reinstated bnt he required to answer not for another bnt for himself. Such changes, as we have before said, may, in some cases, on the payment of costs, he admissible, but they cannot be permitted to operate to the injury of other parties.
How, the only ground on which the defendant Henderson could have been sued in Harris county was the pretense that the succession of the deceased had been opened in that county; and tiffs was the only ground upon which suit could have been there maintained; forbad it appeared on the trial that no such administration had ever been granted the allegation should have been treated, although a mistake in fact, as in legal effect a fraud to induce the court lo take jurisdiction, and the suit should have been dismissed.
The law invests the defendant with tlio right of being sued in the county of his own domicile. The privilege granted was intended as a substantial benefit not to be disregarded unless on exceptions indicated by law, and which must have facts for their foundation. But the protection supposed to he guaranteed to a defendant would he a mere delusion if it could he evaded by the creation of a fictitious being, giving to it a local habitation, and drawing the real party defendant to its pretended domicile, and then relieving him by substituting some years afterwards for the imaginary phaufom a real fiesh-aud-blood defendant, against whom, had the suit been so commenced, it might have been sustained. Tiffs would certainly he a great abuse of (he exception to the general rule which authorizes suit at the''residence of either of two or more defendants, or in the county where the succession is opened, and it is such a perversion of (lie spirit aucl intent of tlu1, law as cannot bo tolerated. The defendant Henderson aucl this figment of the brain arc sued jointly in a county and at a court which by force of the: fiction alone had jurisdiction'. The plaintiff' subsequently, in effect, discon(inuos as to the fictitious creation or pretended administrator, lie not only discontinue's as to him, but declares in effect that he never had any right to bring suit against him, nor against any one else as the representative of the deceased; that no administration had ever been granted upon the estate. The pretext then for the commencement of suit in Harris county totally fails. It is discontinued as to the only party whose pretended residence afforded a colorable pretext for the restitution of suit in such locality; and it is shown that no such party liad ever, in fact, a legal or actual existence, and that there was not nor ever had been any such foundation as had been pretended for the support of the suit. Under such circumstances, the action being joint, liad there been a formal discontinuance as to the fictitious being, such discont inuauce, must have been fatal to the whole action, and where there is such discontinuance in effect, though not formally entered, its results must be equally fatal to the suit. After such discontinuance the suit cannot he bolstered up by the introduction of another party on the record, against whom, if originally sued, the action might have been maintained, but in whose favor, before the amendment, the statute had operated as a bar.
It is to be regretted that we cannot give the subject a more extended consideration. But such is the pressure of other causes that we can state but little more than conclusions. We must dispense with a minute investigation and aualysis of (lie authorities, as well those which treat of the equitable as those which treat of the common-law principles and practice. The effect of discontinuance and a. nolle prosequi as to one or more of joint defendants was discussed iu the case of Austin and Clapp v. Jordan, and the court went in that case to the verge of liberality, but not further than we are prepared to sanction *29 in similar cases in saving the rights of parties and the ends of justice from being defeated by the effect of a discontinuance or nolle prosequi as to some of the parties defendant. But all rules of practice and jmnciplcs of law must have a reasonable construction and be made to harmonizo with other rules and principles equally binding and sacred. No such laxity as would thwart the aim and object of the law itself, and impair or destroy rights which can justly claim its protection, can be sanctioned. Legal fictions cannot be perverted to any such purpose. The plaintiff had his option to sue separately or jointly. Had the suit been separate the defendant Henderson would have been sued in his own county, the centre of his affairs, and where he could have given the
Note 12. — ‘Where a party sues as administrator, and by amendment claimed the noto ns his individual property, lie was held to have set up a new cause of action, Mibjooting him to payment of costs and any defenses existing at date of amendment. (Whitehead v. Herron» 1ST., 127.) Where plaintiff sued for property, claiming the same by ordinary allegation of ownership, an amendment setting up title as widow was held to present a new cause of action. (Ilopliins v. Wright, 17 T„ 35.) In Pridgen v. McLean, 12 T., 420, it is said by the reporter that where persons sue as partners doing business under a certain name and style it seems that an amendment which strikes out one of the plaintiffs does not set up a new cause of action, but the question is not noticed in the opinion of the court. In Blellhenny v. Loo. 43 T., 203, it is held that the addition of the name of a silent partner in an amended petition filed in the firm name is not a statement of a new cause of action. See also Chapman v. Sneed, 17 T., 428; Thouvenin u. Lea, 20 T., 614.
Note 13. — Pool v. Picket, post, 122.
suit his personal attention. But if the plaintiff'elect to sue jointly, and a fiction be created to draw the real defendant from his own to a remóle county, he must abide by his choice. If he discontinue in time he may have the benefit of a new suit; but let him discontinue when lie will or lot the fiction be brought to light at any stage of the proceedings, if the real defendant have not voluntarily submitted to the jurisdiction, the fact must operate a defeat of the whole suit. The unsubstantial shadow having vanished in the light of truth, and the flimsy foundation upon which the suit rested having been swept away, the superstructure must fall. The practice and rules in the common-law courts in relation to the effect of a discontinuance or nolle prosequi, as to some of the defendants sued on a joint contract, may bo found in Austin and Clapp v. Jordan, aud in 1 Pet. R., 46; 1 Sannd. R., 207; 11 Pet. R., 86; 5 John. R., 160; 1 Bick. R., 500; 3 Esp. N. P. R., 76; 5 Esp., 47; 1 Wils. R., 90; 4 Ark. R., 509.
These cases are referred to without intending t.o sanction expressly all or dissent positively from any of the rules or principles to be found in them. Time is not afforded for a full examination of them. For the reasons above stated we are of opinion that the change of the action on the amendment of the plaintiff was in effect a discontinuance of the suit, and it is ordered, adjudged, and decreed that the judgment be reversed and the petition dismissed.
Beversed and dismissed.