# Bender, Appellant *v.* Penfield.

*Amendment—New cause of action—Statute of limitations—New parties—Negligence.*

1. A new cause of action cannot be introduced, nor new parties brought in, nor a new subject matter presented, nor a vital and material defect in the pleadings be corrected, after the statute of limitations has become a bar.

2. Where an action for negligence has been brought against an executor of a decedent's estate, an amendment will not be allowed after the cause of action has been barred by the statute, by making the person previously described as executor, defendant individually, as the sole devisee under the will of decedent. In such a case the fact that the party so introduced individually, happened to have been the legal representative of the estate originally complained against, is a matter of no consequence.

Argued Jan. 4, 1912. Appeal No. 165, Jan. T., 1911, by plaintiffs from order of C. P. No. 2, Phila. Co., June T., 1907, No. 815, refusing to take off non-suit in case of Oscar Bender, by his next friend and father, Joseph Bender and Joseph Bender, Individually v. Anne W. Penfield, formerly Anne M. Weightman Walker, Sole Devisee under the last Will and Testament of William Weightman, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

The case turned upon the validity of an amendment, as appears by the opinion of the Supreme Court.

*Error assigned* was refusal to take off non-suit.

*Bernard Harris,* for appellants.

*Frank P. Prichard,* with him *James Wilson Bayard,*

for appellee.—The amendment was improper: Dearie
v. Martin, 78 Pa. 55; Garman v. Glass, 197 Pa. 101;
Wildermuth v. Long, 196 Pa. 541; Comrey v. East
Union Twp., 202 Pa. 442; La Bar v. N. Y. Susq. &
West. R. R. Co., 218 Pa. 261; VanCott v. Prentice, 104
N. Y. 45 (10 N. E. Repr. 257) ; Erskine v. McIlrath, 62
N. W. Repr. 1130.

OPINION BY MR. JUSTICE STEWART, February 19, 1912:
At the institution of this action process by summons
went out against the estate of William Weightman, de-
ceased. It was returned served, but upon whom does
not appear. The circumstance is immaterial, since a
general appearance for the estate followed. Two years
after the action had been begun an amendment was
allowed whereby the name of defendant was changed so
as to read Anne W. Penfield, formerly Anne M. Weight-
man Walker, surviving executor of the estate of Wil-
liam Weightman, deceased. Later on a rule was made
absolute changing the name of defendant to Anne W.
Penfield, formerly Anne M. Weightman Walker, sole
devisee under the last Will and testament of William
Weightman, deceased. To this last amendment excep-
tion was taken. The case was proceeded with, result-
ing in a judgment of non-suit for insufficiency of evi-
dence, which the court refused to take off. From this
later order we have this appeal. Were we to concede
that plaintiffs' evidence established a prima facie case
of negligence, a reversal of the judgment on that point
could avail the plaintiffs nothing, and we therefore
make no inquiry into that feature of the case. The
judgment entered is clearly right for jurisdictional
reasons. The amendment by which this appellee was
made a defendant in the action, was without authority
of law. The action had been brought against the estate
of a decedent; the amendment, bringing upon the
record the appellee as the legal representative of the
estate, was entirely proper; it introduced no new party,

since in the event of recovery the judgment would simply be de bonis testatoris; but by the second amendment the appellee, against her protest, was introduced upon the record to defend not in her representative but in her individual capacity, and had judgment been obtained it would have been de bonis propriis. No truer test can be applied in determining whether a proposed amendment involves a change of parties to the action. If it may involve in personal liability one who was not made a party originally, the amendment, if objected to, should be disallowed, for no one may be held to answer except as required by due process. The negligence here charged was that of the estate of William Weightman; by the first amendment, acquiesced in, that estate was in court to answer through its legal representative, such representative being in court in no other capacity; by the second amendment another and wholly different party, in substitution of the one originally proceeded against, was charged with liability for the alleged negligence, and that too, after right of action against such party had been lost by lapse of time. The fact that the party so introduced individually, happened in this case to have been the legal representative of the estate originally complained against, is a matter of no consequence. The rule admits of no exception based upon such accidental circumstance. Had the legal representative of the Weightman estate been some other than the appellee, it could not be for a moment contended that an amendment could properly be made bringing such party upon the record as a defendant. The principle of the rule applies in the one case as directly as in the other. As was said by this court in Garman v. Glass, 197 Pa. 101, in discussing the question of amendments under the statute, "Rights of action in different capacities, even though in the same individual, cannot be mixed and interchanged in this way." In the present case the right of action against the appellee was lost by expiry when this amendment was made, and a new action

against the appellee would have been unavailing in face of the statute of limitations. The only purpose of the amendment was to involve the appellee in a liability from which the law had discharged her, by making her an original defendant in an action brought in time but against another party. This was without warrant in law. The appellee in her individual capacity was never for a moment in court in connection with this case before the amendment was made, and the court was therefore without jurisdiction as to her. "It has been many times decided that a new cause of action cannot be introduced, or new parties brought in, or a new subject-matter presented, or a vital and material defect in the pleadings be corrected after the statute of limitations has become a bar:" LeBar v. R. R. Co., 218 Pa. 261. In the case in which this appears the authorities in support are cited, and further reference to them is unnecessary. Sufficient cause for the non-suit appearing, the appeal is dismissed at the cost of appellant, and the judgment is affirmed.