MARY BIRD, ADMINISTRATRIX, v. FT. WORTH & RIO GRANDE RAILWAY
COMPANY.

No. 3137.  Decided December 18, 1918.

**1.—Limitation—Amendment—New Cause of Action—Death in Interstate Commerce.**

Where plaintiff, as widow of a railway employe, sued for herself and on behalf of her two minor children, was made executrix of his estate, and amended her petition so as to sue in that capacity, than first alleging that his death was while engaged in interstate commerce, such amendment did not introduce a new cause of action subject to the defense of limitation. Pope v. Kansas City, M. & O. Ry. Co., ante, p. 311, followed.  (P. 324.)

**2.—Death—Employers' Liability Act—Limitation.**

Action under the Employers' Liability Act for the death of a railway employe by injuries while engaged in interstate commerce, being given only to the personal representative, does not accrue at the date of either injury or death, but only on the appointment of such representative, and limitation runs from the date of appointment of one entitled to sue.  (Pp. 324, 325.)

**3.—Practice in Supreme Court.**

Where a judgment was reversed on appeal and rendered for appellant, the Supreme Court, on reversing this upon writ of error, will remand to the Court of Civil Appeals for determination of other errors assigned where these were not considered by it in its disposition of the case.  (P. 325.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Mrs. Bird, as administratrix, recovered judgment against the Ft. Worth & Rio Grande Railroad Co. This, on the company's appeal, was reversed and rendered in its favor. Thereupon the administratrix obtained writ of error.

*Odell & Turner, McLean, Scott & McLean,* and *Chas. L. Black,* for plaintiff in error.—The amendment did not introduce a new cause of action subject to bar of limitation. Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S., 570; St. Louis, S. F. & T. Ry. Co. v. Smith, 171 S. W., 512; St. Louis, S. F. & T. Ry. Co. v. Scale, 229 U. S., 156; same case, 243 U. S., 630; Seaboard Air Line Ry. Co. v. Renn, 241 U. S., 290; Mc-Intosh v. St. Louis, S. F. & T. Ry. Co., 168 S. W., 821; Cincinnati, N. O. & T. P. Ry. Co. v. Goode, 173 S. W., 329; Roberts' Federal Employers' Liability, sec. 162, pp. 281-284; Texas & Ft. Smith Ry. Co. v. Casey, 172 S. W., 729; Smith v. Atlantic Coast Line Co., C. C. A., 4th Circuit, 210 Fed., 761; Eastern R. Co. v. Ellis, 153 S. W., 701; Vaughan v. Railway Co. (Mo.), 164 S. W., 144; Railway Co. v. Bonham (Tenn.), 171 S. W., 79; Curtice v. Chicago & N. W. R. Co. (Wis.), 156 N. W., 484; White v. Central R. Co. (Vt.), 89 Atl., 618; Vickery v. Railway Co. (Conn.), 89 Atl., 277; Railway Co. v. Sharp (Ark.), 171 S. W., 95.

The cause of action under the Federal Employers' Liability Act did

not accrue till the appointment of an executrix. American Ry. Co. of Porto Rico v. Coronas, 230 Fed., 548, L. R. A. (N. S.), 1916E, 1095.

*Lockett & Rowe* and *Anderson, Streetman, Burns & Logue,* for defendant in error.    (Their briefs did not reach the Reporter.)

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Plaintiff in error recovered a judgment in the trial court against defendant in error for damages for the death of her husband, which was reversed by the Court of Civil Appeals, and judgment was rendered for defendant in error, upon the ground that plaintiff in error's cause of action was barred by two years limitation, under the Federal Employers' Liability Act.    196 S. W., 597.

The death of plaintiff in error's husband occurred on October 11, 1911, and she filed this suit on March 21, 1913, on behalf of herself and two adult children of the deceased.

It is agreed by both parties that defendant in error was engaged in interstate commerce, and that the husband of plaintiff in error was employed in interstate commerce, when he met his death; but the original petition contained no averment of these facts.

On June 3, 1914, plaintiff in error was appointed and qualified as administratrix of the estate of her deceased husband, and thereafter, on April 17, 1915, she filed an amended petition in this suit, whereby she, as administratrix, was substituted for the former plaintiff, and whereby she expressly alleged that defendant in error was engaged, and deceased was employed, in interstate commerce, at the date he received the injuries causing his death, as the proximate result of certain acts of negligence on the part of defendant in error and on the part of fellow servants of the deceased.

There was no such departure between the allegations of the original petition and of the amended petition, with respect to the negligence relied on for a recovery, as would prevent the amendment from relating back to the filing of the original petition (Texas & P. Ry. Co. v. Cox, 145 U. S., 593; Texas & N. O. R. Co. v. Clippinger, 106 S. W., 157); and the principal contention of defendant in error is that the addition of the averments with respect to the defendant in error and the deceased having been engaged in interstate commerce introduced a new or different cause of action, which was barred by the lapse of more than two years from the death of the deceased before the filing of the amended petition.

We can not approve this contention.    Our reasons are fully given in the opinion of this court, filed today in the case of Pope v. Kansas City, M. & O. Ry. Co. of Texas.

There is an additional reason, which precludes us from sustaining defendant in error's contention and that is, in our opinion, the cause of action, given by the Federal Employers' Liability Act, in case of death, does not accrue until the appointment of a personal representative of

the deceased, and, in this case, the administratrix filed her amended petition within two years from the date of her appointment.

The opinion of the United States Circuit Court of Appeals, for the First District, in the case of Am. R. Co. of Porto Rico v. Coronas, 230 Fed., 545, L. R. A. 1916E, 1095, contains such a convincing review of the authorities and such a cogent statement of the grounds for the court's conclusion, that we are content to merely refer to that opinion with the following quotation therefrom, viz: "It is to be noted that the statute does not require that the action shall be brought within two years from the death, but within two years from the time the cause of action accrued. It is also to be noted that the action is not for the occurrence out of which the death arose, but for the pecuniary damages to the beneficiaries, due to the death; so that, in no event, could the cause of action arise until after the death, or be said to exist so that the statute could run until after that time. We may, therefore, assume that the statute, so far as this cause of action is concerned, did not begin to run until after death had ensued.

"It is a general rule of law that where a cause of action arises, as in this case, after death, it is considered as accruing, for the purpose of the running of the statute, only from the time when there is some one in existence capable of suing, and, if no one but the administrator can sue, that the statute does not begin to run until administration is granted. This principle was announced at an early day. The leading English case on the subject is Murray v. East India Co., 5 Barn. & Ald., 204, 24 Rev. Rep., 325, which has been very generally followed in this country. . . . In view of the well recognized rule heretofore pointed out as to when a right of action accrues,—which Congress must have had in mind when enacting the present law,—and in view of the fact that Lord Campbell's Act, upon which the Employers' Liability Act was modeled, expressly provided that the limitation should run from the death of the injured party, and that, in the enactment of the present law, Congress declined to adopt such a limitation, and fixed the period from the time the action accrued, we are of the opinion that the proper construction of the statute is that the right of action did not accrue, so that the limitation attached until the administrator was appointed."

It follows that the Court of Civil Appeals erred in rendering judgment for defendant in error, and its judgment is reversed; but, since defendant in error is entitled to have other assignments of error considered by the Court of Civil Appeals, which it concluded need not be considered, under its former disposition of the case, it is therefore ordered that this cause be remanded to the Court of Civil Appeals for its further action on the assignments of error not heretofore passed upon. Manning v. Railway Co., 107 Texas, 563.

*Reversed and remanded to Court of Civil Appeals.*