**KOPPERL et al. v. STERLING.   (No. 8137.)**

(Court of Civil Appeals of Texas. Galveston. April 5, 1922. Rehearing Denied May 4, 1922.)

1. **Wills** ⬖260—Limitations for commencement of suit to set aside probate do not run as against infant or non compos mentis heirs.

Failure to bring suit to contest validity of probate proceedings within four years after admission of will to probate as required by Rev. St. art. 5699, did not preclude an heir who was a minor and other heir who was non compos mentis from maintaining suit more than four years thereafter where disability had not been removed more than four years prior to commencement of action, the period of limitations not running during disability under article 5708.

2. **Limitation of actions** ⬖124—Amendment of petition so as to sue executrix in her official capacity held not to set up new cause of action, original petition being against her individually.

Amendment of petition to set aside probate of will on the ground of undue influence and mental incompetency of testator, so as to implead an executrix who had previously been joined as a defendant only individually, *held* not to set up a new cause of action, so as to be barred by the statute of limitations.

3. **Wills** ⬖267—Court held to have had jurisdiction in action to set aside probate though executrix was not made defendant in official capacity.

In action to set aside probate of will, in which the testator's wife, who was made a defendant individually, and not in her representative capacity as independent executrix, answered that she, as administratrix, with the co-operation and acquiescence of her son, the plaintiff, had already administered the trust imposed upon her as such and put the paper in court for all purposes from and after the time when such matters had transpired, the court had jurisdiction notwithstanding failure to bring the action against her in her official capacity.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Isadore Kopperl against Nana Sterling, Moritz Kopperl, Herman Kopperl, and others, in which the defendants Moritz Kopperl and Herman Kopperl joined in plaintiff's demand. Judgment of dismissal, and plaintiff and defendants Moritz Kopperl and Herman Kopperl appeal. Reversed and remanded.

Lewis Fisher and Norman G. Kittrell, both of Houston, for appellant Isadore Kopperl.

John L. Darrouzet and Roy Johnson, both of Galveston, for appellants Moritz and Herman Kopperl.

Frank S. Anderson, of Galveston, for appellee.

GRAVES, J. The following statement of the nature and result of this litigation is taken from appellants' brief:

"This action was one originally instituted on the 25th day of January, 1918, in the county court of Galveston county, Tex., to cancel and annul the probate of the will of Herman B. Kopperl, which had been admitted to probate in said court on the 26th day of November, 1915.

"Plaintiff made as party defendants his mother, Nana Sterling, who had intermarried with one J. J. Sterling, who was made party defendant pro forma, also his brothers, Herman Kopperl, a minor, and Moritz Kopperl, a non compos mentis, and two certain corporations, purported beneficiaries under the will of the decedent, Herman B. Kopperl. Guardians ad litem were appointed for the minor and non compos mentis defendants in the county court,

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and both became plaintiffs and joined in the plaintiff's original petition to annul the probate of the will.

"The petition did not designate the defendant Nana Sterling in her capacity as executrix, but she answered in the county court, referring to herself as executrix, and pleaded estoppel against the plaintiff, Isadore Kopperl.

"The result of the proceedings in the county court was in favor of plaintiffs, and the probate of the will was set aside and annulled.

"The defendant Nana Sterling perfected her appeal to the district court of Galveston county, and in due course the cause came on for hearing in that court, and the respective guardians ad litem who had been appointed in the county court appeared, and both adopted the amended pleadings of plaintiff and obtained leave to appear as parties plaintiff.

"In the district court defendant pleaded in the nature of abatement, defect of parties, in that the said Nana Sterling, formerly Kopperl, wife of the decedent, and chief devisee under and executrix of his will, had not been made party defendant in her representative capacity.

"It does not appear that any action was taken on said plea, but on March 24, 1920, more than four years subsequent to the probate of the will, plaintiff amended his pleading, praying as before against the same defendants, but impleading the said Nana Sterling in her representative capacity, which pleadings were adopted by the minor and non compos.

"On January 8, 1921, the defendant Nana Sterling, formerly Kopperl, pleaded the four-year statute of limitation, alleging that plaintiff's cause of action accrued more than four years before said amended petition making the said Nana Sterling a party in her representative capacity was filed.

"On March 21, 1921, the district court sustained the plea of limitation and dismissed the case and rendered judgment that neither the original plaintiff nor his two brothers take anything by their action, and rendering judgment for defendant, Nana Sterling, and dismissed the cause as to all parties."

To what has been thus recounted there may be added these facts:

There were in all three petitions filed in the courts below by the plaintiff, the two referred to in this quoted statement, filed respectively January 25, 1918, and March 24, 1920, and an intervening one, termed the first amended original, filed June 3, 1919; in all of them it was averred that the decedent, Herman B. Kopperl, "left surviving him his widow, the defendant Nana Sterling, and the following heirs, and none others, to wit: The plaintiff, Isadore Kopperl, and the defendants Moritz Kopperl and Herman Kopperl" —all the four so named being made parties each time; likewise in all three petitions a copy of the will sought to be annulled was attached to, made a part of the pleading, and the sole ground of assault upon it was the alleged insanity of Herman B. Kopperl at the time it was claimed to have been executed by him. In the two amendments there were additional charges to the effect that the widow, taking advantage of her hus-

band's unsound mind, had brought about the signing of the purported will by the exercise of undue influence, had thereafter been appointed independent executrix by the probate court, had taken an oath as such, and had filed an inventory of the property of the estate which did not reflect its true condition. Thus, while not couched in precisely the same language, the facts relied upon for annulment of the order of probate were in all these petitions the same.

In her original answer in the county court Nana Sterling, after charging that the plaintiff in that proceeding had acquiesced in the distribution of the estate pursuant to the terms of the will involved, further pleaded in reference to that matter in hæc verba as follows:

"All of the special bequests as provided in said will have been paid and satisfied, and the contestant knew at the time that the same were paid, and satisfied that the same was being done under the terms of said will and in accordance therewith, and the executrix, his mother, freely discussed and advised with contestant concerning the probate of said will and the payment and satisfaction of the bequests thereunder, and had the approval and sanction of the contestant to all that was done by her under said will, and contestant is thereby estopped to now contest this will, and to cause the executrix the loss and damage that would be incurred to her great prejudice and wrong, if the probate of said will were now disturbed."

From the trial court's judgment so dismissing the cause, the plaintiff, Isadore Kopperl, joined by his two brothers, perfected his appeal to this court.

The appellants filed in the district court a number of assignments of error, but base their appeal on but one, which is as follows:

"The court erred in not overruling and in sustaining special exception in paragraph numbered 2 in the first amended answer of Nana Sterling, formerly Nana Kopperl, as independent executrix, etc., filed herein on the 8th day of January, 1921, and in dismissing this cause from the docket, said special exception being as follows:

"Defendant specially excepted to. plaintiff's second amended original petition in this, that it appears therefrom that plaintiff's cause of action. as therein stated against said defendant, as independent executrix of and as devisee and legatee under the last will and testament of Herman Kopperl, deceased, accrued more than four years before the commencement of this suit against her, in her capacity as independent executrix as aforesaid, and the same is barred by the statute of limitation, and of this she prays judgment of the court."

Three propositions assigning reasons for the asserted error of the court in sustaining the limitation plea are appended to this assignment, among them that—

"The petition to set aside the probate of the will was filed within four years, and, further, because no new parties were made, or no new

or additional cause of action set up by the amended petition, the only change in pleading being that the widow was further designated as defendant in her representative capacity; and because the minor plaintiff and the non compos mentis plaintiff were not subject to the operation of the bar of the statute, notwithstanding which statutory rule of law, it was made effective against them."

The statute invoked under the limitation plea is R. S. art. 5699, which provides that any person interested in a will that has been probated under the laws of Texas may bring suit in the proper court to contest its validity within four years after the will shall have been admitted to probate, and not afterwards.

[1] We think this assignment well taken, and that the court erred in so sustaining the limitation plea and dismissing the suit. In the first place, by the explicit provisions of succeeding article 5708 of our Revised Statutes, the legal disabilities of the minor and non compos mentis litigants, so long as they continued to exist, removed their right of action from the operation of the limitation prescribed in article 5699, and they were therefore at liberty to amend their pleadings and make new parties at any time. Title 87 of our statutes comprehends the general subject of limitations. Chapter 1 prescribes the periods within which actions for land must be brought, while those relating to personal actions are laid down in chapter 2. Both articles 5699 and 5708 have reference to personal actions, are accordingly found in chapter 2, and it is expressly provided in 5708 that—

"If a person entitled to bring any action other than those mentioned in chapter one of this title be at the time the cause of action accrues, either—

"1. Under the age of twenty-one years.

"2. A married woman;

"3. Of unsound mind; or

"4. A person imprisoned; the time of such disability shall not be deemed a portion of the time limited for the commencement of the action; and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

Since this suit to annul the probate of the will was not an action mentioned in chapter 1 of title 87, that is, one for land, it thus plainly appears from the terms of the statute quoted that neither the minor nor the non compos plaintiff was in any wise precluded from bringing it against the appellee as executrix at the time that procedure was affirmatively instituted, the filing of their amended petition.

[2] As concerns the sui juris litigant, Isadore Kopperl, if the amendment of March 24, 1920, set up a new cause of action, it may be conceded that his right was then subject to the bar interposed. But we do not think it did.

Where, as here, the parties are the same, being all who could have any interest in the subject-matter—that is, the validity or not of the probate of the will attacked—and, independent of the parties, the facts for the cause of action set out in the original and amended petitions, though in slightly different verbiage, are identical, there is no new cause of action, and no limitation is let in, merely because, in event of recovery, the judgment authorized by the amendment would be so enlarged as to become binding upon one of the parties in her representative capacity as well as upon her individually. The right of action averred in both pleadings rested upon the alleged mental incompetency of the testator to make a will at all; it did not, therefore, in either instance depend upon the capacity in which the appellee was designated as a defendant; hence in the transition between the two petitions there was no change in the substance of the suit, but simply one in the capacity in which the same person was sought to be held.

We think this conclusion is supported by the holding in Pryor v. Krause (Tex. Civ. App.) 168 S. W. 498, in which writ of error was refused. While the facts were different, and the issue did not arise upon a plea of limitation, but in response to a contention on appellant Pryor's part that, since he had been originally sued only in his individual capacity, and had neither answered nor been cited upon an amendment declaring against him as executor also, no judgment against him as executor was authorized, the principle applied is the same, and the question is held to be determinable on whether or not the amendment designating him in his representative capacity constituted a new cause of action.

Upon this particular point the court in part said:

"Where a defendant is in court in his individual capacity, an amended petition complaining of him in his capacity as executor and trustee, based on the same facts, is not a new cause of action against him, and is properly allowed. * * *

"The amendment was not a new cause of action. * * * The cause of action was the same, and based upon same facts. The amendment merely authorized a judgment against Pryor * * * in a capacity, which was not previously authorized by the pleadings * * * Thos. D. Pryor was already before the court * * * and being so, it could authorize amendments by which judgment could be entered, which would bind him in his several capacities."

The determination thus made seems to us to be in harmony also with those in Rabb v. Rogers, 67 Tex. 335, 3 S. W. 303, and Boyd v. U. S. Mtg. Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146, as well as with the declaration of the text in Thompson on Wills, 456, § 520; 17 Ruling Case Law, 825; 40 Cyc.

1258; 25 Cyc. 1304, 1305; and 1 Woerner on Administration, 500.

[3] For another reason we think the limitation plea should not have been sustained as against any of the plaintiffs below, and that is that the original character of the proceeding itself—an attack upon the will theretofore probated as being invalid—with a copy of that document made a part of the declaration of the cause of action, coupled with the making of all possibly interested persons parties, and especially the first answer of the defendant Nana Sterling declaring that she, as administratrix, with the co-operation and acquiescence of her son,. Isadore, had then already administered the trust imposed upon her as such, put the paper in court for all purposes from and after the time when these matters transpired. It was evidently the purpose of the administratrix, as the previous quotation from her original answer unmistakably indicates, to then subject her acts as such to the jurisdiction of the court, and we think she succeeded in doing so.

The view here expressed appears to be in consonance with that of our Supreme Court in Franks v. Chapman, 61 Tex. 576, where this is said:

"In such a proceeding [in the district court], if it was begun within four years after the first irregular probate of the will, and a prayer to probate de novo was filed in the probate court after the expiration of four years, it will be in time, since the paper must be regarded as having been before the court for all purposes from the date of the proceedings attacking its validity as a will."

Further discussion is deemed unnecessary. Under the conclusions stated, the judgment has been reversed, and the cause remanded for trial upon its merits.

Reversed and remanded.