B. C. HALLAWAY V. GUY A. THOMPSON, TRUSTEE FOR SAN ANTONIO, UVALDE & GULF RAILROAD COMPANY.

No. A-2399. Decided January 18, 1950.
Rehearing overruled February 15, 1950.
(226 S. W., 2d Series, 816.)

472

*Collins, Dies, Williams & Garrison,* of Lufkin, and *Kemp, Lewright, Dyer & Sorrell,* and *W. M. Lewright,* all of Corpus Christi, for petitioner.

The trial court erred in holding, and the Court of Civil Appeals erred in affirming that holding, that plaintiff's cause of action was barred by the two years statute of limitation, of the State, and the three years statute of limitation provided for in the Federal Employers' Liability Act, by reason of the allegation of defendant's capacity as set forth in his third amended original petition. Pryor v. Krause, 168 S. W. 498; Hanrick v. Gurley, 93 Texas 458; 54 S. W. 347; Kopperl v. Sterling, 241 S. W. 553.

*Kleberg, Eckhart, Mobley, Lockett & Weil* and *Leslie S. Lockett,* all of Corpus Christi, and *Kelley, Mosheim & Ryan,* and *Robert H. Kelley,* of Houston, for respondent.

The trial court properly held that in suit for damages on account of personal injuries timely filed by an employee against a named trustee for a named railroad corporation in process of reorganization under the Federal Bankruptcy Act, an amended petition filed by the same employee against the same trustee but as trustee for a different railroad did not relate back to the time of filing the original petition, and, therefore, properly sustain a special exception of the defendant based on the statute of limitation. Dillingham v. Bryant, 14 S. W. 1017; St. Louis, Brownsville & Mexico Railway Co. v. McLean, 253 S. W. 248; West v. Johnson, 129 S. W. (2d) 811.

MR. JUSTICE HART delivered the opinion of the Court.

The sole question presented in this case is whether the petitioner's action was barred by limitation, as held by both of the courts below.

The petitioner was injured on December 1, 1944, in a collision between a switch engine, on which he was riding, and an automobile. On November 19, 1946, he filed his original petition, complaining of Guy A. Thompson, Trustee for the St. Louis, Brownsville & Mexico Railway Company (hereafter called the Mexico Company), and alleging that he was an employee of this defendant at the time of the injury. The plaintiff's first amended original petition, filed on August 12, 1947, complained of the same defendant in the same capacity. In his second amended original petition, filed on December 12, 1947, the plaintiff still complained of Guy A. Thompson, as Trustee for the

Mexico Company, and also complained of him in his capacity as Trustee for the San Antonio, Uvalde & Gulf Railroad Company (hereafter called the Gulf Company). In his petition the plaintiff alleged that the defendant Trustee was appointed as Trustee for the Mexico Company and also for the Gulf Company by the United States District Court in Missouri in a proceeding entitled "In the Matter of Missouri Pacific Railroad Company, in Proceedings for the Reorganization of a Railroad," that as such Trustee he was in possession of all of the properties of the two named railroads, that he was operating them together with other railroads as the Missouri Pacific system, that as Trustee for each railroad he had the same counsel, that the Trustee hired various employees who performed services for each railroad during the same period of time, that it was peculiarly within the knowledge of the Trustee as to when an individual employee was working for him in his capacity as Trustee for one railroad or the other, and that it was practically impossible for the plaintiff to determine whether he was working for the Trustee in one capacity or the other.

On April 22, 1948, the plaintiff filed his third amended original petition, complaining of Guy A. Thompson only in his capacity as Trustee for the Gulf Company. The plaintiff repeated the allegations of his second amended original petition regarding the Trustee's appointment and his operation of the two railroads as stated above, and further pleaded as follows:

"That on the date hereinafter mentioned, plaintiff herein was in the employ of the said defendant Trustee as a switchman, and had been so employed for a considerable period of time prior to the date of his accident, as hereinafter detailed, and at said time the employees, particularly including the engineer and fireman in charge of the locomotive or switch engine hereinafter referred to, were also employees of the defendant Trustee, and were, on said occasion, operating the said switch engine in the course of his employment for said Trustee and in the operation of the aforesaid railway system, engaged in the transportation, switching and handling of freight cars and passengers in and around the City of Corpus Christi, Nueces County, Texas, but it being, as above explained, very difficult for plaintiff to determine whether, at the actual time of the accident involved herein, he was an employee of the defendant in his capacity as Trustee for the St. Louis, Brownsville & Mexico Railway Company or in his capacity as Trustee for the said San Antonio, Uvalde & Gulf Railroad Company, and at the time of the filing of Plaintiff's Original Petition herein, it was the information and belief of plaintiff herein that he was then

acting as an employee of the defendant Guy A. Thompson, as Trustee for the St. Louis, Brownsville & Mexico Railway Company, but at the time of the filing of his Second Amended Original Petition herein, as is averred in said petition, plaintiff herein had ascertained that there was some question as to which of the capacities the defendant occupied on the occasion in question, and as to whether plaintiff was or was not an employee of said defendant in his capacity as Trustee for said St. Louis, Brownsville & Mexico Railway Company, rather than in his capacity as Trustee for the San Antonio, Uvalde & Gulf Railroad Company, but plaintiff now respectfully shows unto the Court that he has been informed and believes, and upon such information and belief here avers the facts to be that, on the occasion hereinafter alleged, the switch engine and crew, including plaintiff herein, were operating and running said switch engine for the defendant Trustee in his capacity as Trustee for the San Antonio, Uvalde & Gulf Railroad Company, and, therefore, plaintiff here now seeks judgment, as is hereinafter shown, against the defendant Trustee in his capacity as Trustee for said San Antonio, Uvalde & Gulf Railroad Company."

The defendant, as Trustee for the Gulf Company, specially excepted to the plaintiff's third amended original petition on two grounds: (1) that the plaintiff's cause of action "accrued more than two years prior to the commencement of this suit against this Defendant and more than two years prior to the filing of the Second Amended Original Petition in which this Defendant was made a party for the first time, and that the same is barred by limitations," and (2) that if the plaintiff's cause of action is governed by the Federal Employers' Liability Act, which was not admitted, it "accrued more than three years prior to the commencement of this action as to this Defendant and more than three years prior to the filing of said Second Amended Original Petition in which for the first time this Defendant was made a party defendant, and that same is barred by the limitation as prescribed in said Act."

The district court sustained both of these special exceptions and, upon the plaintiff's refusing to amend his petition, dismissed the cause. The district court's judgment was affirmed by the Court of Civil Appeals. 222 S. W. (2d) 702.

The decision of this case turns on the question whether the plaintiff's action against the defendant was commenced when the plaintiff's original petition was filed on November 19, 1946, which was less than two years after the cause of action ac-

crued, or when his second amended original petition was filed on December 12, 1947, which was more than three years after the cause of action accrued. As we have already stated, in the original petition, Guy A. Thompson, as Trustee for the Mexico Company, was named as a defendant, and in the second amended original petition for the first time Guy A. Thompson, as Trustee for the Gulf Company, was named as a defendant.

■ If the action against the respondent was commenced with the filing of the plaintiff's original petition, then it was not barred by limitation, whether the Texas two-year statute, Article 5526, Vernon's Ann. Civ. St., or the federal three-year statute, 45 U. S. C. A. sec. 56, applies; on the other hand, if the action against the respondent was not commenced until the second amended original petition was filed, then it would be barred under either statute. However, in determining whether the action against the respondent was commenced when the suit was originally filed or only when he was first sued by amended pleading in the capacity in which he is now sought to be held liable, it is material to decide whether the suit is one governed by state law or the federal statute. If the suit is one under the state law, then of course the provisions of our statutes and the decisions of the Texas courts control. On the other hand, if under this record the suit is based on the Federal Employers' Liability Act (45 U. S. C. A. secs. 51-60), then the decisions of the Supreme Court of the United States construing this statute, and particularly Section 6 (45 U. S. C. A. secs. 56) relating to limitation, are controlling. Pope v. Kansas City, M. & O. Ry. Co. of Texas, 109 Texas 311, 207 S. W. 514; Davis v. Preston, 118 Texas 303, 16 S. W. (2d) 117; Texarkana & Ft. S. Ry. Co. v. Casey, Tex. Civ. App., 172 S. W. 729, writ refused.

■ It is essential to make a case under the Federal Employers' Liability Act, not only that the carrier is engaged in interstate or foreign commerce, but also that the person suffers the injury while he is employed in such commerce, as is expressly provided in Section 1 of that act, 45 U. S. C. A. sec. 51. Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; Pedersen v. Delaware, L. & W. R. Co. 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125; St. Louis, S. F. & T. R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914c. The plaintiff's petition in the present case alleges that the carrier was engaged in interstate and foreign commerce, but it does not allege that the injury occurred while the plaintiff was employed in such commerce. Since the judgment was based entirely on excep-

tions to the pleadings, there is nothing by which we can determine the basis of the plaintiff's cause of action except the allegations in the pleadings. On this basis, the plaintiff failed to bring his case under the federal act, and the case must therefore be determined by the construction given by the Texas courts to our statute of limitation.

■ There is no Texas statute relating particularly to limitation of actions for personal injuries in suits by employees against railroads, although this kind of action is covered in other respects by Articles 6432-6443, Vernon's Ann. Civ. St. The general two-year statute relating to actions for personal injuries. Article 5526, Vernon's Ann. Civ. St., is therefore applicable, as modified by the provisions of Article 5539b, Vernon's Ann. Civ. St. (Acts 1931, 42nd Leg., p. 194, ch. 115, sec. 1), relating to amended pleadings, which reads as follows: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

■ There seems to be no decision construing Article 5539b on the point presented by this case, and we must therefore pass on its application as an original proposition. The record in this case shows that the same man, Guy A. Thompson, was named as a defendant, and the same transaction or occurrence was alleged as a basis for the suit, in all of the plaintiff's pleadings. The material change as between the original petition and the second amended original petition is that the capacity in which the defendant is sued is changed. This change is important for some purposes, such as in determining the property from which the plaintiff can collect any judgment which he may recover. In some cases, such a change might also affect the basis of the defendant's liability, as in St. Louis, B. & M. Ry. Co. v. McLean, Tex. Com. App., 253 S. W. 248. However, the particular question to be decided here is whether the amendment regarding the defendant's capacity is such that the plaintiff's action

must be said to have been commenced only when the second amendment was filed, rather than when the original petition was filed. The answer to this question must be based on a consideration of the reasons for the statutes of limitation and the effect a decision one way or the other will have on the just enforcement of the policy behind them.

In Harrison Machine Works v. Reigor, 64 Texas 89, 90, this court said: "The purpose of statutes of limitation is 'to compel the settlement of claims within a reasonable period after their origin, and while the evidence upon which their enforcement or resistance rests is yet fresh in the minds of the parties or their witnesses.' Wood on Lim., sec. 5."

In Hanley v. Oil Capital Broadcasting Ass'n, 141 Texas 243, 245, 171 S. W. (2d) 864, 865, the purpose of limitation statutes was stated as follows: "Our decisions seem uniformly to recognize that, although it does so result in some cases, it was never the purpose of the act to permit debtors to escape their obligations. Rather, the evil it sought to remedy 'was to prevent demands originally invalid or which had been discharged from being enforced after such a lapse of time as would probably make it impossible for defendants to procure the evidence by which a just defense could be established.' "

Substantially the same thought was expressed in Southern Surety Co. of New York v. First State Bank, Tex. Civ. App., 54 S. W. (2d) 888, 892, writ refused: "The object of a statute of limitation in requiring the complaining party to assert his claim within a reasonable time is to suppress fraudulent and stale claims from springing up at great distances of time and surprising the other party after the evidence which would sustain a defense has been lost." See, also, 53 C. J. S., Limitations of Action, sec. 1,b.

We think that the purpose of the statutes of limitation, as amended by Article 5539b, would be given proper effect by holding that in the present case the plaintiff's action was commenced with the filing of his original petition. The defendant, Guy A. Thompson, was then notified of the nature of the plaintiff's claim and the occurrence or transaction out of which it arose. He and his counsel, who have represented him throughout this litigation in whichever capacity he was sued, were then given timely opportunity to interview witnesses and to obtain such evidence as they deemed advisable to defend the suit. Under the allegations of the plaintiff's petition, which must be

taken as true on this appeal, the plaintiff and his fellow workmen were employed sometimes by the defendant in one capacity and sometimes in another, and it was peculiarly within the defendant's knowledge as to whether he was employing the plaintiff as Trustee for one railroad or the other at the time of the injury. While the plaintiff made a mistake in his original petition as to the capacity in which the defendant was acting at that particular time, the defendant was at all times fully cognizant of the facts and could not have been misled as to the basis of the plaintiff's suit by the allegations of the original petition, nor was he placed at any disadvantage in obtaining relevant evidence to defend the suit. Under these conditions, we think it would be a misapplication of the statutes of limitation to hold that the plaintiff's action was barred.

Decisions in similar cases prior to the passage of Article 5539b are not harmonious. The reasoning of some cases lends support to the respondent's contentions. In Henderson v. Kissam, 8 Texas 46, the suit was brought in Harris County against two defendants and venue was laid there solely on the ground that one of the defendants, A. C. Allen, was the administrator of a decedent's estate which was being administered by the probate court of Harris County. Several years after the suit had been filed, the petition was amended and it was alleged that there was in fact no administration of the decedent's estate and the suit was discontinued as to A. C. Allen as administrator, but the defendant A. C. Allen was for the first time sued in his individual capacity. The court held that the amendment amounted to a discontinuance of the whole suit and that it should have been dismissed, relying to a large extent on the fact that after the amendment there was no basis for maintaining venue in Harris County. However, the court in its opinion points out that in the original suit the object was to subject the property of a decedent's estate to liability, while the amendment had for its purpose to subject A. C. Allen's individual property to liability, and the court further says that before the amendment of the petition the statute had operated as a bar to the suit against A. C. Allen individually. It may be noted that Chief Justice Hemphill expresses regret in his opinion that he could not give the subject "a more extended consideration" because of "the pressure of other causes." 8 Texas at page 56.

In Morales v. Fisk, 66 Texas 189, 18 S. W. 495, it was held that, where the plaintiff originally sued in his own right, the statute of limitations continued to run until he filed an amendment in which he sued for the first time as administrator of an estate.

More recent Texas decisions have taken the opposite view in similar cases. In Kopperl v. Sterling, Tex. Civ. App., 241 S. W. 553, 555, writ refused, it was held that where a defendant was originally sued in her individual capacity, an amendment naming her in her capacity as administratrix did not state a new cause of action so as to let in limitation. On this point the court said:

"Where, as here, the parties are the same, being all who could have any interest in the subject-matter—that is, the validity or not of the probate of the will attacked—and, independent of the parties, the facts for the cause of action set out in the original and amended petitions, though in slightly different verbiage, are identical, there is no new cause of action, and no limitation is let in, merely because, in event of recovery, the judgment authorized by the amendment would be so enlarged as to become. binding upon one of the parties in her representative capacity as well as upon her individually. The right of action averred in both pleadings rested upon the alleged mental incompetency of the testator to make a will at all; it did not, therefore, in either instance depend upon the capacity in which the appellee was designated as a defendant; hence in the transition between the two petitions there was no change in the substance of the suit, but simply one in the capacity in which the same person was sought to. be held."

In Davis v. Gant, Tex. Civ. App., 247 S. W. 576, 578, writ refused, the plaintiff originally sued as administratrix and later amended and sued individually and as next friend for her minor children. The court held that the filing of the amendment did not constitute the filing of a new action, saying:

"It is apparently conceded by the appellant, Davis, that under this provision Mrs. Gant could have maintained in Texas a suit for damages in her own right and as next friend for her children, had she filed such a suit within the time prescribed by the Louisiana statute. The contention is that she failed to do this; that her suit as administratrix was one in which she could not have recovered a judgment, and was tantamount to no suit within the meaning of the Louisiana law. Her amendment asserting a claim in her own right and as next friend for. the children, it is claimed, was so radical a departure from her former petition that it amounted to a new suit. If that proposition is sound, then the amendment was filed too late. It has been definitely decided by the courts of this state and of the United States that a mere change in the capacity in which the plaintiff brings a suit, the substantive facts being the same,

is not the institution of a new suit. That is true, even though the plaintiff could not recover in the capacity assumed in the original petition. Texarkana & Ft. S. Ry. Co. v. Casey (Tex. Civ. App.) 172 S. W. 729; Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Bird v. Ft. Worth & R. G. Ry. Co. 109 Texas 323, 207 S. W. 518. In her first petition, while Mrs. Gant sued as administratrix, she fully described the relationship of the deceased, and sought relief for all the beneficiaries entitled to recover under the laws of Louisiana. The mere change in the capacity in which the suit was brought did not constitute the filing of a new and distinct action."

In cases involving federal statutes, this court, following the United States Supreme Court has held that the change in the capacity in which the plaintiff sues does not constitute bringing a new action so as to let in limitation. Pope v. Kansas City, M. & O. Ry. Co. of Texas, 109 Texas 311, 207 S. W. 514; Davis v. Preston, 118 Texas 303, 16 S. W. (2d) 117.

The rule is stated generally that a change in the capacity in which the defendant is sued does not constitute the institution of a new suit so as to allow limitation to run until the filing of the amendment. 54 C. J. S., Limitations of Actions, sec. 275; 34 Am. Jur., Limitation of Actions, sec. 277; 28 Texas Jur., Limitation of Actions, sec. 114; Annotation, 74 A. L. R. 1280. Decisions in other states are conflicting, some adopting the view that such an amendment states a new cause of action, as in Bender v. Penfield, 235 Pa. 58, 83 Atl. 585, and others taking the opposite view, as in Boyd v. United States Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, 10 Ann. Cas. 146. We think the reasoning in the latter case is sound and that it is appropriate to the case before us, particularly in view of the language of Article 5539b, quoted above. In the Boyd case the defendant was originally sued as trustee, and later the pleadings were amended so that the defendant was sued individually. The court held that the amendment did not amount to the bringing in of a new party, and that limitations ceased to run against the action when the suit was originally filed and not when the amendment was made. In its opinion, the court first stated the question before it as follows:

"Assuming, as I think we must assume, that the Supreme Court at Special Term possessed authority to permit the amendment of the summons and complaint which was allowed in this

case, we are confronted with the much more serious question, in respect to which the members of the court below have differed, as to the effect of that amendment. If its effect was to bring in a new party in the fullest sense of that term—that is to say, a defendant who had never before been brought into court in this action for any purpose—then as to such defendant the action cannot be deemed to have been commenced until the service of the amended process, and such defendant would not be deprived of the benefit of its plea of the statute of limitations." 187 N. Y. at page 268, 79 N. E. at page 1001.

The court then states the contentions of the parties and the holding of the lower court as follows:

"* * * The argument is that the amendment, in effect, added to the action an entirely new defendant, the purpose of the amendment being not merely to correct a mistake in the name of the defendant so as to continue the action against the party originally intended, but to bring in and render liable a different defendant from the first one sought to be charged. If this view be correct, it manifestly requires a reversal of the judgment in favor of the plaintiff.

"On the other hand, the respondent contends, and the court below has held, that an amendment which changes an action brought against a person in a representative capacity to an action against the same person as an individual does not really bring in a new party defendant. In the prevailing opinion at the Appellate Division, Mr. Justice O'Brien, referring to the argument that a judgment against the United States Mortgage & Trust Company, as trustee, would not be binding upon it individually, declares that this proposition is not determinative of the question, and says: 'It is that very fact which makes the amendment necessary, but the result of the amendment was not to bring in a new party. What is controlling in each case is whether or not a new party—that is, a new person or corporation—is, by the amendment, made a defendant. Here the mortgage company was served originally and nothing was gained in having it before the court by the new service, but for the proper entry of the judgment against it the designation· was upon motion changed by striking out the words "as substituted trustee," etc. It follows that, as it was not subsequently brought in, the statute of limitations would not constitute a bar to the maintenance of the action against it.' Boyd v. United States Mortgage & T. Co., 94 App. Div. 413, 417, 88 N. Y. Supp. 289." 187 N. Y. at page 269, 79 N. E. at page 1001.

The court's conclusion is as follows:

"The question which has given rise to such a difference of opinion in the court below is one of considerable practical importance to the legal profession, and I have, therefore, sought light upon it by the examination of a large number of cases, both English and American, to which no reference has been made either in the briefs or arguments of counsel. As a result of this research, and after a careful consideration of the reasoning in support of the contending views, *I am satisfied that the amendment allowed in the case at bar does not really bring in a new party in the sense of making one a defendant who was not in any sense a defendant before the process and pleading were amended. It merely changes the capacity in which the same person is sought to be charged.* That person having actually been brought into court by the service of the original process, *there seems to be no reason why he should not be required to contest upon the merits any cause of action growing out of the facts alleged in the complaint which the plaintiff may have against him in one capacity rather than in another, provided that he is notified by a timely and proper amendment of the precise capacity in which the plaintiff seeks to hold him liable.*" (Emphasis added.) 187 N. Y. at page 270, 79 N. E. at page 1001.

The obvious purpose of Article 5539b was to limit the application of the statutes of limitation to amended pleadings. It was evidently intended to modify the previously existing rule for determining whether limitation should apply to an amended pleading, as first announced in Phoenix Lumber Co. v. Houston Water Co., 94 Texas 456, 61 S. W. 707. See the comment on a proposed similar statute in the Second Annual Report of the Texas Civil Judicial Council (1930) pp. 17-21, and comments on Article 5539b in 9 Texas L. Rev. 539; 14 Texas L. Rev. 400; 15 Texas L. Rev. 137, 269; 18 Texas L. Rev. 234. Article 5539b expressly provides that an amendment to a pleading shall not be subject to a plea of limitation where the amendment is not wholly based on or grows out of a new, distinct or different transaction or occurrence. Of course, this rule would not apply to an entirely new defendant who is brought in for the first time by an amendment. However, we think it can be fairly applied under the facts in this case where the amendment names the same defendant, but changes the capacity in which he is sued. The commencement of the plaintiff's action therefore dates from the filing of his original petition, and the special exceptions to the plaintiff's third amended original petition were erroneously sustained.

The judgments of the district court and the Court of Civil Appeals are reversed and the cause is remanded to the district court for a new trial.

Opinion delivered January 18, 1950.

ON REHEARING.

MR. JUSTICE HART delivered the opinion of the Court.

In his motion for rehearing, respondent for the first time contends that this is a case under the Federal Employers' Liability Act and is governed by the provisions of the limitations section of that Act, 45 U. S. C. A., sec. 56, for the reason that "since the petition alleged that the Respondent was engaged in interstate commerce, and that the Plaintiff was working on a switch engine, the allegation brings the case squarely within the Federal Employers' Liability Act."

As we stated in our original opinion, the petitioner pleaded that the respondent was operating the railroad in interstate and foreign commerce, but petitioner failed to allege that he was injured while he was employed by the respondent in such commerce. Petitioner's specific allegations were that he and the rest of his crew were operating a switch engine "engaged in the transportation, switching and handling of freight cars and passengers in and around the City of Corpus Christi, Nueces County, Texas." With the pleadings in this condition we concluded that the petitioner had failed to allege a case coming within the Federal Employers' Liability Act.

Respondent cites Kach v. Monessen Southwestern Ry. Co., 3 Cir., 151 Fed. (2d) 400; Atlantic Coast Line R. R. v. Meeks, 30 Tenn. App., 520, 208 S. W. (2d) 355; Trucco v. Erie R. Co., 353 Pa. 320, 45 Atl. (2d) 20; and Maxie v. Gulf, M. & O. R. Co., 356 Mo. 633, 202 S. W. (2d) 904, to sustain his contention that the petitioner's pleadings bring the case within the Federal Employers' Liability Act, as amended in 1939. While it is true that these cases hold that the 1939 amendment eliminated the necessity of showing that at the very time of the injury the employee was engaged in interstate commerce, still they recognize that the employee must, as the Act provides, show that his duties at least in part are the furtherance of interstate or foreign commerce or that they affect such commerce directly or closely and substantially. We do not think that the petitioner's pleadings meet this requirement, although we are somewhat in doubt as to the effect of the 1939 amendment to the Federal

Act in the absence of an authoritative construction of it by the Supreme Court of the United States.

■ It is possible that it will be held, as respondent contends. the law to be, that practically every employee of a railroad handling interstate business is within the terms of the amended . Act. If so, and if pleadings such as those of the petitioner in this case are held to bring the case within the Federal Employers' Liability Act, then we are of the opinion that the petitioner's action would not be barred by the limitations provision of that Act. As this court stated in Pope v. Kansas City, M. O. Ry. Co. of Texas, 109 Texas 311, 320, 207 S. W. 514, 517, "the United States Supreme Court appears to have certainly indicated that it would adopt a liberal course in saving substantial rights under the Federal Employers' Liability Act from the bar of limitation." Missouri, K. & T. Ry. Co. v. Wulf, 226 U. S. 570, · 33 Sup. Ct. 135, 57 L. Ed. 355; Seaboard Air Line v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006. This court is of course bound to follow the construction of the Act by the Supreme Court of the United States. While the precise question here presented has apparently not been decided by that court, we think that it follows from decisions in analagous cases that the amendment of the petitioner's pleading changing the capacity in which the respondent is sued would not let in limitations under the Federal Act. Missouri, K. & T. Ry. Co. v. Wulf, supra; Seaboard Air Line v. Renn, supra; 54 C. J. S. Limitations of Actions, sec. 275.

The respondent's motion for rehearing is overruled

Opinion delivered February 15, 1950.